THE PEOPLE ex rel. FISK WALLACE, Respondent, *v.* THOMAS
C. ABBOTT et al., Trustees, etc., Appellants.

A judgment recovered against the trustees of a school district, upon a
contract entered into by them on behalf of the district, binds them indi-
vidually, and may be collected by execution out of their individual
property. (Code Civ. Pro. §§ 1927, 1929, 1931; Laws of 1864, Chap.
555, Tit. 13, §§ 6–11.)

Where the action is defended, without any resolution of a district meeting,
no obligation rests upon the district to indemnify the trustees for costs,
charges and expenses until a district meeting shall have found in favor
of the claim and voted that a tax be assessed and collected for its pay-
ment, or unless, on appeal from a refusal of the meeting to vote a tax, it
shall be decided that the account in whole or in part ought justly to be
charged upon the district.

Where, therefore, an action was brought against school trustees to recover
the salary of a teacher, which was defended by them without direction or
instruction of a district meeting, and judgment was recovered against
them, which was affirmed on appeal, *held,* that, in the absence of any
action on the part of the district at any district meeting, or application by
the trustees to the county judge to have the costs and expenses allowed,
a writ of *mandamus* was improperly issued directing the trustees to forth-
with pay the costs embraced in the judgment, or deliver to the plaintiff
in the action an order on the collector of the school district for the
amount thereof.

(Argued October 4, 1887; decided October 18, 1887.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made July 1, 1887,
which affirmed an order of Special Term directing the issuing
of a peremptory writ of *mandamus* directed to defendants, as
trustees of school district No. 6, of the town of Gravesend,
commanding them forthwith to pay to the petitioner or his
attorney the costs included in a judgment obtained against
them by the petitioner in an action brought by him to recover
his salary, as a teacher, under a contract between him and said
trustees, also costs on appeal from the judgment.

The facts, so far as material, are stated in the opinion

*T. C. Cronin* for appellants.  The ordinary and usual ways
for the collection of damages should be resorted to, and not

the extraordinary and forbidden ways urged upon the court in this special proceeding. (*People* v. *Coffin*, 7 Hun, 608; *People* v. *Bd. of Apportionment*, 64 N. Y. 627; *People* v. *Campbell*, 72 id., 496; *People* v. *Dowling*, 55 Barb. 197; *Clark* v. *Miller*, 54 N. Y. 528.) The law of the State should be followed and the collection made of the trustees as provided by law. (Code, §§ 1931, 3244.) Legal remedies for the recovery of the damages must be taken, and no *mandamus* will lie where the remedy is complete on the judgment for damages. (*People* v. *Green*, 5 W. Dig. 44; Code, § 1931.) The certificate of the county judge, under date of April 1, 1886, controls on the question of costs, and no costs of any kind, made and ordered by any court at any time, in any stage of the case, can, under said certificate, be recovered of the defendants as public officers. (*Clark* v. *Tunnicliff*, 38 N. Y. 58; *People* v. *Eckler*, 19 Hun, 609.) The compulsory jurisdiction of the State superintendent of public instruction is complete by statutory requirements, and absolute and without official excuse by the superintendent. (Act of 1864, Consolidated, Code Public Instruction, 74, § 7; Laws of 1878, Chap. 174.)

*Tunis G. Bergen* for respondent. The refusal of the trustees to pay Wallace damages for a breach of implied contract would not support an appeal to the superintendent. (Laws of 1864, Chap. 555, Tit. 12; R. S. [7th ed.] 1186, § 1, subds. 1, 4; Code Public Instruction [ed. 1879], 523, 374; *People* v. *Eckler*, 19 Hun, 609.)

ANDREWS, J. The relator has mistaken his remedy. A judgment for costs recovered against the trustees of a school district in their official character binds the trustees individually, and may be collected by execution out of their individual property. (Code Civ. Pro. §§ 1927, 1929, 1931.) It was the same under the Revised Statutes (2 R. S. 476, § 108.) It is not a judgment against the school district, but it may, under some circumstances, constitute a

district charge, to be paid by a tax on the district. The subject is now regulated by the statute (Chap. 555 of the Laws of 1864, Tit. 13, §§ 6-11.) It will appear by reference to those sections that where the action is brought or defended by the trustees of a school district by instruction of a district meeting, the costs and expenses incurred by the trustees and all costs and damages adjudged against them in the action, is made a district charge which "shall be levied by tax." (§ 7.) Where the action is brought or defended without any resolution of a district meeting, no obligation rests upon the district to indemnify the trustees for costs, charges or expenses, until a district meeting shall have found in favor of the claim and voted that a tax be assessed and collected for its payment, or unless on appeal to the county judge from the refusal of the district meeting to vote a tax, it shall be decided that the account in whole or in part ought justly to be charged on the district. (§§ 8, 9, 10.) The relator brought an action against the trustees of school district No. 6, town of Gravesend, to recover the unpaid part of a year's salary, under an alleged contract of employment for that period made between him and the trustees. The trustees in their answer put in issue the alleged contract. The relator recovered judgment in the action for $748.97 damages and costs, the costs in the judgment constituting about one-half the amount. There was so far as appears no direction or instruction of a district meeting that the trustees should defend the action, nor has the district in any way assumed any liability for the costs embraced in the judgment, nor has any application been made by the trustees to the inhabitants of the district to have the costs and expenses audited or allowed. The relator seeks to enforce by *mandamus* the payment of the costs in the judgment, out of funds of the district in the hands of, or under the control of the trustees. They have offered and stand ready to pay the damages awarded in the judgment. It is clear that the school district cannot, under the circumstances disclosed, be compelled to pay the costs awarded against the trustees. The relator has a personal judgment therefor, against

the individual trustees, and the papers show that he has issued execution thereon, but whether it has been returned does not appear. It is unnecessary to determine whether the relator is entitled to retain his judgment for costs, in view of the certificate granted by the judge after the costs had been taxed and the judgment entered. But to enforce the payment of the costs out of the funds of the district, would subject the district to a claim for which, as the case stands, it is in no way liable. The scheme of the statute is to make the trustees of school districts individually liable upon contracts entered into in behalf of the district. For the purpose of the remedy by action they are treated as the individual contracts of the trustees. The district in certain cases is bound to indemnify the trustees. But the district owes no duty either to the trustees or to the other party to the litigation, to pay the costs of a litigation undertaken or carried on without its direction, until they shall have been audited and allowed in the manner pointed out by the statute.

The order of the Special and General Terms should therefore be reversed, and the proceeding dismissed.

All concur.

Ordered accordingly.