MARY A. P. TUCKER, Plaintiff, *v.* CORNELIA GILMAN, Respondent.

*Assignment of judgment — liability of the assignee for costs, where the judgment is reversed on appeal.*

Where a judgment, recovered before the trial court, is assigned, together with " all sums of money that may be had or obtained by means thereof, or on any proceedings to be had thereupon," and such judgment is reversed on an appeal, the assignee of the judgment is liable for the costs recovered by the defendant by reason of the failure of the plaintiff's cause of action, and an order is properly made by the court directing the payment of such costs by such assignee.

The liability is not limited to the costs accruing after the assignment, but extends to all the costs of the action.

This rule is applicable to an action brought by the assignee of the receiver of a manufacturing company, incorporated under the laws of the State of New York, to recover the balance of sixty per cent of the defendant's unpaid subscription for the stock of such company, where the plaintiff fails to recover judgment by reason of the complaint setting forth a claim for the recovery of the amount unpaid and owing by the defendant on the shares of stock of the corporation subscribed for, instead of a cause of action for the ascertainment and adjustment of the amount which is properly payable by such stockholder in order to satisfy the debts of the company.

It is only when the judgment attempted to be assigned has been recovered upon a cause of action, not itself assignable or transferable, that the attempted assignment will not operate to charge the assignee with the costs of the action where such judgment shall be subsequently reversed on appeal.

The liability cannot be avoided by the omission of the assignee to take active charge of the prosecution of the action, as it results from the assignment itself, by which the assignee becomes entitled to the advantages of the litigation in case of its success.

Appeal by Preble Tucker from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 2d day of July, 1890, as amended by an order, entered July 3, 1890, directing that the said Preble Tucker, as a person beneficially interested in the recovery in this action, pay to George H. Fletcher, attorney for the defendant herein, the costs recovered by the said defendant Cornelia Gilman against the plaintiff herein, amounting to the sum of $970.11.

The action was brought by the plaintiff, as the assignee of the receiver of the Kings County Manufacturing Company, to recover $9,000 alleged to be a balance unpaid upon stock which the defend-

ant held in a certain corporation known as the Kings County Manufacturing Company. Judgment was recovered against the defendant at the circuit for $10,323.34, and an appeal was taken therefrom, pending which appeal Preble Tucker took an assignment of the judgment.

Upon the appeal to the General Term the judgment below was reversed, and on appeal to the Court of Appeals judgment absolute was rendered against the plaintiff and the costs were taxed at $970.11.

*Charles J. Hardy*, for Preble Tucker, appellant.

*George H. Fletcher*, for the respondent.

DANIELS, J. :

The plaintiff, as the assignee of the receiver of the Kings County Manufacturing Company, a corporation formed under the manufacturing laws of this State, brought this action to recover the balance of sixty per cent of the defendant's unpaid subscription for the stock of the company. The receiver was appointed on the petition of the assignees in bankruptcy of Frances Mirick, who was a judgment-creditor of the corporation. She recovered a judgment at the trial for the amount owing by the defendant on her subscription. And after it had been entered she made a written assignment of the judgment, "and all sums of money that may be had or obtained by means thereof, or on any proceedings to be had thereupon." An appeal was taken from the judgment, which was afterwards heard by this General Term, and the judgment was reversed and a new trial ordered. An appeal was then taken to the Court of Appeals, where this decision was affirmed. Both decisions proceeded upon the construction of the statute declaratory of the liability of shareholders for their unpaid subscriptions, holding an action in equity, and not an action at law as this was, to be the appropriate remedy for the enforcement of the liability. The statute has made the shareholders liable upon their unpaid subscriptions so far as to pay on each share the sum necessary to complete the amount of the share as fixed by the charter of the company, or for such proportion of that sum as shall be required to satisfy the debts of the company. (2 R. S. [6th ed.], 391, § 5.) And to ascertain and adjust these

amounts is the province of an action in equity. And the plaintiff failed to secure redress for the reason that she failed to acquire the right to maintain that action, and did not, in fact, proceed in that form. But the cause of action presented by her complaint was for the recovery of the unpaid amount owing by the defendant on the shares of the corporation taken by her. And it is the costs, recovered by the defendant on this failure of the plaintiff's action, that the assignee has been ordered to pay.

This order was made under the authority of section 3247 of the Code of Civil Procedure, which has provided " where, after the commencement of an action, the cause of action becomes, by transfer or otherwise, the property of a person, not a party to the action; the transferree, or other person so interested, is liable for costs, in the like cases, and to the same extent, as if he was the plaintiff; and where costs are awarded against the plaintiff, the court may, by order, direct the person so liable to pay them." And this assignment had the effect of transferring to the assignee the cause of action on which the plaintiff endeavored to maintain her action. For, by section 1912 of the Code of Civil Procedure, a judgment for a sum of money, which this judgment was, may be transferred by assignment, and it is only when it may have been recovered upon a cause of action not itself assignable or transferable, that it will fail to transfer the cause of action in case the judgment shall be afterwards vacated or reversed. This was not such a cause of action. It was for a debt owing by the defendant and recoverable by the creditors of the corporation, so far as it might be necessary to satisfy the debts of the company, and proportionately with the liability similarly existing against other shareholders for their unpaid subscriptions. The liability was in no sense a penalty, but it was for what the subscribers had rendered themselves liable to pay in purchasing the shares of the company. And that was transferable before judgment under the general principles of the law concerning the assignability of choses in action. The assignment of the judgment, therefore, did assign the cause of action asserted by the plaintiff as the foundation of her suit. And that is the effect which such an assignment of a judgment was held to have at common law. It operated as an assignment of the cause of action itself. (*Bolen* v. *Crosby,* 49 N. Y., 183;

*Spears* v. *Mayor, etc.*, 87 id., 359, 369.) And both by this section of the Code, as well as the principle supported by these authorities, the assignee became, by the assignment made to him, the owner of this cause of action and liable to pay the costs of defending the action.

This liability has not been limited to the costs accruing after the assignment. But it includes all the costs, for section 3247 has declared that the transferree " is liable for costs in the like cases, and to the same extent, as if he was the plaintiff ; " and that plainly includes all the costs which shall be recovered by the defendant.

It is no legal answer to this liability that the plaintiff, in the end, proved to have no well-founded cause of action. If it were, then the assignee would in all cases escape the liability which the statute has declared, for where the plaintiff has a good cause of action the assignee would not be liable at all ; and if he were not, when the plaintiff failed to establish a cause of action the statute would provide the way to defeat its own enactment, which plainly could not be the intention of the law. It is only when the plaintiff fails that the assignee is liable for the costs. And an actual right of action could not have been intended to be necessary to produce that liability. The most that the statute can be held to have required is that the assignment shall be of the alleged cause of action which by the result of the litigation shall be defeated. The design evidently was to declare the assignee liable for intermeddling or dealing in the unfounded legal controversies of other persons. He can, by the assignment to him, acquire all the chances of success, but after he shall have done that and they fail then, under this law, he may be ordered to pay the costs of the defendant. The liability follows the assignment of the asserted, not a real, cause of action.

Neither can this liability be avoided by his omission to take the active charge of the prosecution of the action. For it has been made to result from the assignment itself, by which the assignee becomes entitled to the advantages of the litigation in case of its success. All that is requisite is that the cause of action, whatever it may be when it is capable of being transferred, shall become the property of the assignee. And that property will be derived from the assignment alone.

By taking the assignment the assignee made himself a party to the litigation. From that time it was carried on wholly for his

benefit. If it had resulted favorably, the proceeds would have belonged to him. It was his suit, and it was by his permission that it afterwards went forward in the name of the plaintiff. He voluntarily assumed that relation to the action. And the merits were as fully heard for him as they could have been if he had been in name, as he was, in fact, the party prosecuting. He acquired the litigation with all its consequences, one of which was this liability.

There is no foundation whatever for the objection that this section of the law is in conflict with the Constitution of the State. It has gone no further than to permit the assignment, subject to the condition that the assignee shall assume the payment of the costs when there shall be an adverse result. And he accepted this condition when he took the assignment. The law has deprived him of no right whatever, but he has done that himself by his own voluntary act. He was at liberty to subject himself to this liability or not as he himself elected. And as he chose to do so for the expected advantages, he must abide by the result the law declared might follow his failure. There was no constitutional restraint standing in his way. It was a matter of pure volition on his part whether he would take this risk which the statute had declared. He did take it, and cannot complain that the law is now enforced against him.

The order should be affirmed, with ten dollars costs and the disbursements.

Van Brunt, P. J., and Brady J., concurred.

Order affirmed, with ten dollars costs and disbursements.