ADOLFO HEGEWISCH, as Receiver, etc., v. JOHN S. SILVER, Respondent.

In an action brought by plaintiff as receiver of a corporation, an order of the U. S. Circuit Court, appointing him receiver, was given in evidence. This contained a condition that upon filing a bond as prescribed, approved by the court, plaintiff could take and hold the property. There was no direct evidence that a bond was filed, but it appeared that after the order of appointment, upon application made to the same court and judge, plaintiff was authorized to bring an action in the Supreme Court of the state upon the claim in question, and, pursuant to such authority, this action was commenced; it also appeared that more than a year after his appointment he resigned his position as receiver. *Held*, that a motion to dismiss the complaint on the ground that no bond was filed was properly denied; that it was a reasonable inference that the court, when it granted the order allowing the bringing of the action, was apprised of the facts, and ascertained that plaintiff had duly qualified as receiver; also that his continuing as receiver and the fact that the position became vacant by his resignation, implied that he was qualified.

Also *held*, that the appointment of a successor to plaintiff pending the action did not have the effect to suspend its prosecution until the substitution of the new receiver as plaintiff; that the provision of the Code of Civil Procedure (§ 766) providing for the continuance of an action brought by a receiver, in case of his removal, by his successor, applied only to statutory receivers, and it did not appear that plaintiff was appointed by virtue of any statute, and not by the exercise by the court of general equity jurisdiction; but that if said provision applied the substitution of the new receiver was not jurisdictional, and the case could be prosecuted in the name of the original plaintiff, until and unless a substitution was applied for and granted. (Code Civ. Pro. § 756.)

(Argued December 7, 1893; decided December 19, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 9, 1893, which reversed an order made at Circuit granting a motion for a new trial.

This action was brought by plaintiff as receiver of the United States Rolling Stock Company, to recover upon a promissory note given to plaintiff by the Decatur and Nashville Improvement Company, and indorsed by defendant.

The complaint averred the making of the note, its indorsement by the defendant, its delivery for value before maturity to the United States Rolling Stock Company, its presentation and demand for payment when due, the refusal of the maker, the Decatur and Nashville Improvement Company, to pay the same, its protest and the service of notice on the defendant. It also alleged the appointment by the Circuit Court of the United States for the southern district of New York, on the 25th day of November, 1890, of the plaintiff as receiver of the United States Rolling Stock Company, in an action pending therein, the ownership of the note by the plaintiff as receiver, and that on the 9th day of February, 1891, before the commencement of the action, an order was duly made by the court by which the receiver was appointed, authorizing him to commence an action on the note in the Supreme Court of the State of New York, and the complaint contains other formal allegations with a demand of judgment against the defendant.

The answer admitted the making and delivery of the note, and that notice of protest was given to the defendant, and denied any knowledge or information sufficient to form a belief of the appointment of the plaintiff as receiver of the United States Rolling Stock Company. The answer for another defense set up substantially that the note was indorsed by the defendant for the accommodation of the United States Rolling Stock Company and without consideration. On the trial there was no attempt to sustain the defense last stated. The defendant gave no evidence and there is no dispute upon the evidence that the note was a valid claim in the hands of the Rolling Stock Company.

On the conclusion of the testimony the defendant's counsel moved to dismiss the complaint upon several grounds separately stated. The proceedings on this motion are stated in the record and are as follows:

" Mr. McKEWAN.—I move to dismiss the complaint on the ground that the plaintiff has not proven facts sufficient to

constitute a cause of action. I move to dismiss the complaint on the further ground that the plaintiff in this action is not the real party in interest.

" I move to dismiss the complaint on the further ground that the plaintiff has omitted to prove the filing of his bond as receiver.

" I move to dismiss the complaint on the further ground that the United States court has no jurisdiction to make an order permitting this action to be prosecuted in this court.

" THE COURT.—That motion is denied. Exception by the defendant.

" COUNSEL.—I move to dismiss the complaint on the further ground that the evidence discloses the fact that the said party in interest and the present receiver is Mr. William C. Lane instead of Mr. Hegewisch, the party suing.

" Mr. Guthrie argues in opposition to the motion to dismiss.

" Motion to dismiss granted.

" Exception by plaintiff.

" Jury discharged."

The plaintiff's counsel thereupon moved for a new trial upon the minutes. The trial judge subsequently granted the motion, and from the order granting the motion the defendant appealed to the General Term, which reversed the order, and from the order of reversal the appeal is taken.

Other facts are stated in the opinion.

*Charles Steele* for appellant. Under sections 756 and 766 of the Code of Civil Procedure the substitution of the new receiver was optional but not necessary. (*Wood* v. *Kroll,* 43 Hun, 328, 331; *McNamara* v. *Harris,* 4 Civ. Pro. Rep. 76; *Mowry* v. *Peet,* 7 Abb. [N. C.] 195; *Colegrove* v. *Breed,* 2 Den. 125; *Manchester* v. *Herrington,* 10 N. Y. 164; *Farnham* v. *Benedict,* 29 Hun, 44; *Bellinger* v. *Birge,* 54 id. 511; *Griggs* v. *Griggs,* 66 Barb. 287.) This appeal is from the order granting the new trial; and it is only the questions which were presented by the motion resulting in that order which can be considered here. (*Thayer* v. *Marsh,* 75 N. Y..

340.) Even if proof of the filing of the receiver's bond in the United States Circuit Court was necessary, there was, nevertheless, sufficient *prima facie* evidence that the receiver had filed the same. (*Morgan* v. *Potter*, 17 Hun, 403; *Underwood* v. *Sutcliffe*, 10 id. 453; *Wright* v. *Nostrand*, 94 N. Y. 31; *Atty.-Gen.* v. *G. M. L. Ins. Co.*, 77 id. 272; *Stanley* v. *N. U. Bank*, 115 id. 122; *Bank of U. S.* v. *Dandridge*, 12 Wheat. 64; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *A. Ins. Co.* v. *Barnard*, 96 id. 525; *Smith* v. *Mayor, etc.*, 67 Barb. 223; *Leland* v. *Cameron*, 31 N. Y. 115; *Nelson* v. *Eaton*, 26 id. 415; *Kent* v. *Q. M. Co.*, 78 id. 159; *P. Bank* v. *St. Anthony's Church*, 109 id. 512; *Wood* v. *Morehouse*, 45 id. 368–376; Lawson on Pres. Evid. 47, 61, 62.) The defendant in this action cannot question the regularity of the receiver's appointment. (*In re Jensen Co.*, 128 N. Y. 550; *Tyler* v. *Willis*, 33 Barb. 327; *Wright* v. *Nostrand*, 94 N. Y. 31.) The question of the regularity of the receiver's appointment was improperly raised for the first time at the trial. (*McGean* v. *M. E. R. R. Co.*, 133 N. Y. 9.) The other grounds urged on the motion to dismiss are untenable. (Code Civ. Pro. §§ 488, 498, 499; *Varnum* v. *Taylor*, 59 Hun, 554; *Nanz* v. *Oakley*, 122 N. Y. 631; *Wright* v. *Wright*, 54 id. 437; *Coffin* v. *G. R. Co.*, 136 id. 655, 661; *Thayer* v. *Marsh*, 75 id. 340.)

*J. B. McKewan* for respondent. It was error to make the order granting a new trial upon exceptions, under section 999 of the Code. (*Van Doren* v. *Horton*, 19 Hun, 7; *Hill* v. *Hotchkin*, 23 id. 414; *Emmerick* v. *Hefferan*, 33 id. 54; Laws of 1889, chap. 262.) The various motions to dismiss the complaint were properly granted. (*In re C. J. Co.*, 128 N. Y. 550; *W. U. T. Co.* v. *Jewett*, 115 id. 166.) The plaintiff has no right to continue this action. (Code Civ. Pro. § 756.)

ANDREWS, Ch. J. It is insisted in behalf of the plaintiff that the complaint was dismissed at the trial on the sole ground

that he was not the real party in interest, and that the only question which can now be considered arises on the exception taken by the plaintiff's counsel to the ruling of the trial judge upon this point. If there were other grounds stated in the motion which were well founded, these, it is insisted, cannot be considered, because, having been overruled, and being such that if the motion had been entertained the objection might have been obviated by further evidence, it would be unjust to entertain them now for the purpose of sustaining the order of the General Term. On the other hand, it is contended in behalf of the defendant that the final ruling of the trial judge dismissing the complaint proceeded upon a reconsideration of all the grounds originally urged, and was not based alone upon the ground last stated in order upon the motion to dismiss, and that, therefore, all the questions raised were before the General Term. It is not necessary to consider this point, since we are of opinion that neither of the grounds upon which the defendant now relies to sustain the order originally made dismissing the complaint are tenable.

These grounds are (1) that there was an absence of evidence tending to show that the plaintiff had filed a bond as receiver and perfected his title thereby, so as to enable him to bring an action, and (2) that a successor having been appointed intermediate the commencement of the action and the trial, the action could not be further prosecuted until the new receiver had been substituted in place of the original plaintiff. In respect to the first ground, it is to be observed that it was presented as a ground for non-suit, and, therefore, if there was any evidence which would have justified an inference that the plaintiff had filed a receiver's bond, a non-suit on this ground could not be sustained. The order of the United States court appointing the plaintiff receiver contained the usual provision that upon filing a bond, approved by the court or a judge thereof, in the penalty and with the conditions specified, he should take and hold possession of the property of the corporation of which he was appointed receiver. There was no direct evidence that a bond was filed, but it appeared

that on the 9th day of February, 1891, nearly three months after the order appointing the plaintiff had been made, upon application made to the same court and judge before whom the original proceeding was taken, the plaintiff was authorized and empowered to prosecute an action in the Supreme Court of the state upon the claim now in question, and pursuant to such authority this action was subsequently commenced. There was no suggestion in the course of the trial that the bond had not been filed until the motion to dismiss was made at the conclusion of the evidence. It seemed to have been assumed up to this time by both parties that the plaintiff had duly qualified. The defendant himself brought out the fact that the plaintiff had resigned his position as receiver, and that he ceased to be receiver on the 20th of January, 1892, implying that up to the time of his resignation he was the duly qualified receiver of the corporation. It is a reasonable inference that the court, when it granted the order to sue, was apprised of the facts affecting the plaintiff's right to bring the action, and ascertained that he had duly qualified as receiver. He was the officer of the court, and the order made pre-supposes that he had perfected his title by filing a proper bond. So, also, his continuing as receiver, and the fact that the position became vacant by his resignation more than a year after his appointment, implies that he had qualified. The question is not as to the weight of the evidence, but whether there was any evidence tending to show that the bond was filed. We think there was, and that a non-suit could not properly have been granted upon the ground suggested. It is unnecessary to consider the contention of the plaintiff that the defendant could not take the objection. It is generally true that an order appointing a receiver prescribes that a bond shall be filed before the receiver assumes to intermeddle with the property to which the receivership relates, and unless this provision is waived by the court, or by a party in interest having power to dispense with the bond, the receiver, before he undertakes the execution of the trust, must give security. (*In re Christian Jensen Co.*, 128 N. Y. 550, and cases cited.) But as there

was evidence here justifying an inference that the bond had been filed, the point that the defendant could not raise the objection is not involved.

The other ground upon which the dismissal of the complaint is sought to be justified proceeds upon the theory that the appointment of a successor to the original receiver pending the action, suspended its further prosecution until the new receiver should be substituted as plaintiff. This is not the rule in such a case. Section 766 of the Code is relied upon to sustain the contention of the defendant. There are two decisive answers. The section applies to statutory receivers only, and there is no suggestion that the appointment of the receiver in this case was by virtue of any statute, and not an exercise by the court of its general equity jurisdiction, independent of any statute. In the next place, if section 766 applied to the case, the substitution of the new receiver was not jurisdictional, but the case could be prosecuted in the name of the original plaintiff, unless one of the parties applied for a substitution under that section. This was the construction of an analogous provision under the Revised Statutes (Sec. 14, tit. 1, ch. 7, pt. 3, 2 Rev. St., and ch. 299, sec. 3, Laws of 1832; *Colegrove* v. *Breed*, 2 Den. 125; *Manchester* v. *Herrington*, 10 N. Y. 164; *Board of Excise* v. *Carlinghouse*, 45 id. 249; *Griggs* v. *Griggs*, 56 id. 504.) But this case is directly within section 756 of the Code, which declares that " in case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires."

We think the complaint was improperly dismissed on the trial, and that the order granting a new trial was proper.

This leads to a reversal of the order of the General Term, and an affirmance of the order granting a new trial.

All concur.

Order reversed.