THE STANDARD OIL COMPANY *et al.* v. C. H. ANGE-
VINE.

No. 263.

PROHIBITORY LIQUOR LAW — *sheriff may not sell liquor on execu-
tion.* A levy of execution by a sheriff or constable on intoxicating
liquors and a sale thereunder, is in violation of the letter and spirit
of the Constitution and statutes of this State, and cannot be sus-
tained by the courts.

Error from Cloud District Court. Hon. F. W.
Sturges, Judge. Opinion filed November 15, 1897.
*Affirmed.*

*Ellis, Reed, Cook & Ellis, W. W. Caldwell* and *W. S.
Cannon,* for plaintiffs in error.

*Pulsifer & Alexander,* for defendant in error.

MAHAN, P. J. The only question in this case is,
Can a sheriff or constable levy upon and sell, under
execution, intoxicating liquors? It seems clear to us
that this question must be answered in the negative.
It is agreed that, if the law is so, the judgment of
the court was proper and ought to be affirmed.

The Supreme Court has held, in *Korman v. Henry*
(32 Kan. 49), that a mortgage upon intoxicating liq-
ors, executed for no other purpose than to secure a
promissory note, is void for the reason that it contra-
venes the provision of chapter 128 of the Laws of 1881,
commonly known as the Prohibitory Liquor Law.
The court says: "That act prohibits the sale and
barter, directly and indirectly, of all kinds of intoxi-
cating liquors, except for medical, scientific and me-
chanical purposes, and makes it a criminal offense for
any person to sell or barter, directly or indirectly,
any kind of intoxicating liquor, except for some one
of such purposes."

The law further provides that no one but a licensed pharmacist shall sell liquor in this State, even for such purposes. The prohibitory amendment to the Constitution, adopted by the people, declares : "The manufacture and sale of intoxicating liquors shall be forever prohibited in this State, except for medical, scientific and mechanical purposes."

To permit a sheriff to levy upon and sell intoxicating liquors under a writ of execution, would contravene this policy established by the Constitution. If an officer cannot sell, he cannot levy. If an officer were permitted to sell intoxicating liquors under a writ of execution, every restraint imposed by the statute would be removed. There are no restrictions provided for the regulation of sales by officers. If he were permitted to sell, the sale would be at large, to every person alike, without discrimination, for every purpose alike.

If we should hold that a sheriff or other officer having a writ of execution could levy upon and sell intoxicating liquors, we would be compelled to hold, by analogy, that a sheriff could levy a tax warrant upon liquors and sell the same without restraint or restriction ; that an assignee in insolvency proceedings would be authorized to sell without limitations or restrictions ; that an executor or administrator might sell without limitations or restrictions. Can there be any question that these sales would violate the very letter as well as the spirit of the Constitution and the statute?

The judgment of the District Court holding that such levy and sale could not be made is doubtless correct, and in harmony with the spirit of the law and the decision of the Supreme Court, and it is affirmed.