## In re PURDY.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

1. SCHOOL DISTRICTS—TRUSTS—ACTIONS AGAINST—REIMBURSEMENT BY DISTRICT.

Laws 1894, tit. 14, c. 556, § 1, subd. 1, declares that any person con-ceiving himself aggrieved by a decision of a school-district meeting may appeal to the superintendent of public instruction, whose decision shall not be reviewable in any court. Title 15, § 6, declares that when any trustees of a school district shall have defended an action against them touching the rights of the district, without resolution of the district au-thorizing such defense, and a majority of the voters at a district meeting shall fail to direct that the costs incurred by the trustees be collected by taxation for the reimbursement of the trustees, as authorized by title 15, § 5, they may appeal to the county judge. *Held*, that where a trus-tee unsuccessfully defended an action against' him for an act done by virtue of his office, and, a district meeting having refused to direct that his claim for costs be raised by taxation, he appealed from such refusal to the county judge, where the same was reversed on an appeal there-from by the district, questions as to the irregularity of the meeting could not be considered, there having been no appeal taken to the superintend-ent of instruction; nor would the question whether the district clerk, on whom notice of appeal by the trustee to the county judge was served, as prescribed by chapter 556, tit. 15, §§ 5, 6, legally held his office, be considered, since the rights of a trustee could not depend on the legal status of a clerk de facto.

2. SAME—RECOVERY BY TRUSTEE.

The fact that the claimant was not a trustee at the time of the meet-ing was immaterial, since it was the intent of the statute that those acting in behalf of the school district, and who had been made liable for costs, should be reimbursed therefor.

3. SAME—LIMITATION.

As the trustee had no action at law to collect the claim, and the dis-trict was under no obligation to pay until a direction for the collection of the tax by a district meeting, or a decision of the county judge in favor of the trustee on appeal, limitations could not run against the trus-tee's claim until such an allowance by the district meeting or judge.

Appeal from special term, Westchester county.

Application by Theodore Purdy for an allowance and payment of his claim for costs in a suit against him as school trustee of school district No. 6 of the town of Somers, Westchester county, to pay appellant's claim against said district. The district refused the ap-plication, and petitioner appealed to the county judge. From an or-der of the county judge in favor of appellant, the district appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Francis Larkin, for appellant.
H. R. Barrett, for respondent.

WOODWARD, J. The respondent, in March, 1889, was a trustee of school district No. 6 of the town of Somers, Westchester county. He was duly authorized by a special school meeting to rebuild a fence around the school yard. In October of that year he constructed the fence. Subsequently one Mary Wheelan brought an action against the respondent and one Leonard Curry, to recover a part of the land inclosed by said fence, which action resulted in a judgment in favor

of the plaintiff, including costs for $109.12, which judgment was paid by the respondent on the 10th day of April, 1893. On the 29th day of November, 1893, the respondent in the meantime having ceased to be a trustee, a resolution was adopted at a school meeting of said district directing the trustee to appeal the suit involving the title to the school-house lot, but the appeal was never in fact taken. On the 5th of April, 1899, a special school meeting of the said school district was called for the purpose of taking some definite action in regard to respondent's claim, and, although it is urged by the appellant that this meeting was irregular in many respects, the alleged irregularities were never brought up for review in the manner pointed out by section 1 of title 14 of chapter 556 of the Laws of 1894, known as the "Consolidated School Law," and we are of the opinion that they cannot be passed upon by this court. At this meeting a verified claim was presented by the claimant, and a resolution ordering the trustee to pay said claim was defeated. The respondent thereupon gave oral notice that he would present his claim to the county judge for settlement, as provided by sections 5 and 6 of title 15 of the consolidated school law, and on the 8th of April, 1899, notice was served upon a person who had been elected to the office of district clerk, but who is alleged to have been ineligible to the office, that the claimant would appeal to the county judge. The matter was heard by the county judge, who, after various adjournments, granted an order charging respondent's claim upon the school district. This appeal comes from the order, and the school district urges that the county judge was without jurisdiction, and that the whole proceeding is contrary to law.

The school district neglected to appeal from the action of the school meeting to the superintendent of public instruction, and we are not permitted to enter into a review of the alleged irregularities (section 1, tit. 14, Consol. School Law), nor will this court consider collaterally the title of the district clerk to his office. He had been chosen to the position, and the presumption is that he was the clerk of the district. He was at least clerk de facto, and the rights of the respondent cannot be made to depend upon the legal status of the person who was acting as clerk. The meeting and its proceedings being regular, and in conformity with the statute, as we must assume under the facts presented, there is no question as to the jurisdiction of the county judge. The mere fact that the relator was not a trustee at the time of the meeting of April 5th does not affect the case. The claim arose out of his action as trustee of the school district, and he is clearly within the intent of the statute, which undertook to provide for the reimbursement of those who had acted in behalf of the school district in good faith, and who had been made liable for costs, charges, and expenses.

The suggestion that the claim is outlawed is likewise without force. No obligation rests upon the district to indemnify the trustee for costs, charges, or expenses until a district meeting shall have found in favor of the claim, and voted that a tax be assessed for its payment, or unless, on appeal from the county judge from the refusal to vote a tax, it shall be decided that the account, in whole or in part,

ought justly to be charged on the district. The scheme of the statute is to make the trustees of school districts individually liable upon contracts entered into in behalf of the district. For the purpose of the remedy by action, they are treated as the individual contracts of the trustees. The district in certain cases is bound to indemnify the trustees. But the district owes no duty to the trustees to pay the costs of the litigation carried on without its direction, until they shall have been audited and allowed in the manner pointed out by the statute. People v. Abbott, 107 N. Y. 225, 13 N. E. 779.

The statute of limitations, assuming the question to have been properly raised, could not run against the claim of the respondent, because the district did not owe him anything until the provisions of the consolidated school law had been invoked and complied with. He could not have an action at law to collect the claim, and it was discretionary with the school district or the county judge to make the claim effective. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.