DETERMINED IN THE

# THIRD DEPARTMENT

IN THE

# APPELLATE DIVISION,

## September, 1903.*

---

HENRY BECK and Others, as Trustees of School District No. 3, of
the City of Kingston, N. Y., Respondents, v. GEORGE A. KERR,
Appellant.

*Costs of an action brought, without authority of a school district, by the trustees
thereof — they are not collectible out of the property of the district — the trustees
are individually liable therefor — their successors adopting the cause of action are
also liable — an order under section 3247 of the Code of Civil Procedure should not
direct that an execution issue.*

The trustees of school district No. 3 in the city of Kingston, without obtaining
authority from the school district, brought an action in the City Court of
Kingston to recover a school tax which they claimed had been lawfully
assessed against the defendant.

The City Court of Kingston rendered a judgment in favor of the trustees for
the amount of the tax and costs, which judgment was affirmed by the County
Court. The defendant then took an appeal to the Appellate Division, which
reversed the judgment, with costs to the defendant in the Appellate Division
and in the County Court to abide the event of the action, and ordered a new
trial in the City Court of Kingston. The order further directed that, upon the
final termination of the action, if in the defendant's favor, a judgment in
favor of the defendant for the costs so allowed might be entered.

Upon the new trial in the City Court of Kingston the plaintiff was nonsuited and
a judgment for costs rendered in defendant's favor. The defendant then entered
a judgment for the costs awarded by the Appellate Division.

After the appeal had been taken to the Appellate Division, but before it had
been argued, the property of the school district and the powers and duties of
the trustees of the school district were transferred to the board of education of

---

* The other cases of this term will be found in volume 86 App. Div.— [REP.

APP. DIV.—VOL. LXXXVII.      1

the city of Kingston by chapter 494 of the Laws of 1902, which further pro-
vided that such property should "remain and continue and is hereby made
liable for the present indebtedness of such district respectively until the same
is fully paid." The new board took charge of the case and allowed it to pro-
ceed in the name of the old board, employing to defend the appeal the same
attorney who had been employed by the old board.

Upon a motion made under section 3247 of the Code of Civil Procedure to com-
pel the new board to pay the judgment for costs rendered against the old board
it was

*Held,* that as the old board had commenced the action without any authority
from the school district, the judgment was not a claim against the property of
the district either in the hands of the old board or in that of the new board;

That the members of the old board were, however, personally liable for the
amount of the judgment, and that, as the new board had succeeded to the
cause of action and had adopted such cause of action as their own, they were
personally liable for the judgment for costs recovered by the defendant;

That, as section 3247 of the Code of Civil Procedure provides that the dis-
obedience of an order for the payment of costs made pursuant to that section
is a contempt of court, such an order should not provide for the issuance of an
execution.

APPEAL by the defendant, George A. Kerr, from an order of the
Supreme Court, made in a special proceeding at the Albany Special
Term and entered in the office of the clerk of the county of Ulster
on the 20th day of March, 1903, denying the defendant's motion for
an order directing the Board of Education of the School District of
the City of Kingston to pay a judgment for costs theretofore recov-
ered by the defendant against the plaintiffs in this action, and per-
mitting the defendant to issue execution therefor against the indi-
viduals composing such board.

The facts appearing upon this motion are substantially as follows:
The three trustees of school district No. 3, in the city of Kings-
ton, brought a suit against the defendant Kerr, to recover a school
tax claimed by them to be due to such district. They recovered in
the City Court of Kingston a judgment for such tax and costs.
The defendant appealed to the County Court, where the judgment
was affirmed. The defendant then appealed to this court, where, on
May 6, 1902, the judgment was reversed, with costs to the appellant
Kerr in this court and in the County Court to abide the event of
the action, and a new trial was ordered in the City Court on a day
fixed. Such order further directs that upon the final termination of
this action, if in the defendant's favor, the costs so allowed might,

on notice of proof, be taxed by the county clerk of Ulster county, and a judgment in favor of the defendant be entered therefor.

After the judgment of the County Court, and the taking of the appeal therefrom, but before its argument in this court, an act was passed which created the "Board of Education for the City of Kingston," and named the individuals who should constitute the first board. It also provided that such board was thereby "constituted the successor of the several boards of education, and of the trustees of the common school districts in the city of Kingston." It further provided that all property then vested in and belonging to the several boards and trustees of the said several school districts, and in the said several school districts, should pass to and become vested in the new board of education thereby created, and that the terms of office of all such *trustees* should cease and expire. It further provided in section 172* that the property of the several school districts in the city of Kingston should "remain and continue, and is hereby made liable for the present indebtedness of such districts respectively until the same is fully paid," and the common council of such city was directed to include such indebtedness in the annual tax levy, and to collect moneys to pay the same. (See Laws of 1902, chap. 494, which became a law April 10, 1902.)

On the day which was named in the order, the defendant appeared in the City Court of Kingston, and proceedings were taken therein which resulted in a judgment of nonsuit against the plaintiffs and for costs in defendant's favor.

Such judgment was taken by default, and it is claimed by the respondents on *this* appeal that the default was improperly taken.

Upon obtaining such judgment, the defendant, on notice to the plaintiffs' attorney and on a certified copy of the same, procured the costs awarded by the above-mentioned order to be taxed by the county clerk, and entered up a judgment against the plaintiffs for the same. Such judgment purports to be in the Supreme Court. It assumes to reverse the judgments which had been ordered reversed, and awards to the defendant against the plaintiffs $266.86 costs. Such judgment was taken October 6, 1902.

The defendant next moved at the January term of this court, on

---

* Laws of 1896, chap. 747, § 172, added by Laws of 1902, chap. 494.— [REP.

notice to the plaintiffs' attorney and to Atkins, the president of the new board of education, and upon the affidavit of Adams, his own attorney, for an order substituting in the place of the plaintiffs the new board as their *successors in office ;* and that the judgment of reversal, etc., and the proceedings in the Ulster county clerk's office by which the judgment for costs was taken, be amended *nunc pro tunc* as of the date of the original judgment of reversal.

This motion was made on the ground that the new board had prosecuted the appeal in this court, and because of that and of the fact that they were transferees of the cause of action they had become liable for the judgment for costs and had refused to pay them. This motion was denied by the appellate court.

It further appears from the record that this action was brought without any resolution of district No. 3 authorizing the trustees to bring the same, and that the new board of education, upon its formation, employed counsel and defended the appeal.

The defendant next, on February 10, 1903, moved at Special Term for an order under section 3247 of the Code of Civil Procedure, directing such new board to pay such judgment for costs, viz., $266.86, entered in Ulster county October 6, 1902, and further directing that under section 1931 of the Code he have execution against Loughran, Gillespie and all others of the new board, naming them, as trustees and members of said board of education of said school district, the same as if they were named as plaintiffs in said action, to be collected out of the property of the said officers.

The Special Term denied such motion, and from that order this appeal is taken.

*George R. Adams,* for the appellant.

*Amos Van Etten,* for the respondents.

PARKER, P. J.:

The judgment upon which this motion is based is, we think, authorized by the order of this court made on May 6, 1902. If we had reversed the judgments, " with costs in the courts below and of this appeal," and had *not* ordered a new trial, then such costs would have been taxed by the clerk of Ulster county and a judgment entered by him therefor. In that event they would have been

incorporated in our judgment of reversal and the order of this court would have been the county clerk's authority for so doing. In this case we reversed the judgments in the court below, but made the costs dependent upon the result of a new trial, which we ordered in the City Court where the trial was first had. The result of that trial being in the appellant's favor, his right to a judgment for costs under our order became fixed, and it would seem that it was as much the duty of the clerk to enter it up, upon proof that it had so become fixed, as it would have been had we annexed no such condition to their recovery. The statute organizing the City Court of Kingston authorizes the County Court of Ulster county, upon appeal, to order a new trial in the City Court, and, on appeal to this court, in reversing the judgment of the County Court, we assumed the power to make such an order as that court could and should have made.

The claim that the final judgment in the City Court in favor of the defendant was improperly rendered is not sustained by the records of that court, nor do we think that such question can be raised upon this motion.

The judgment for costs being then a valid judgment in favor of this defendant, it remains to determine whether the new board is liable under section 3247 of the Code for the costs adjudged against the old board, viz., the plaintiffs in this action.

It appears from the record that the action was commenced by the trustees of school district No. 3 of the city of Kingston without any authority from that district. Under such circumstances, this judgment for costs is not a claim against the property of that district. If chapter 494 of the Laws of 1902 had never been passed, and the plaintiffs, against whom this judgment is rendered, were still the board of trustees of such district, they would have no claim against the property of the district for the same. They are personally liable for such judgment to the defendant, but neither he nor such plaintiffs have any claim upon the property of the district for the payment thereof. (*People ex rel. Wallace* v. *Abbott,* 107 N. Y. 225.)

Therefore, if it be conceded that the new board, as the transferee of the cause of action which the old board was prosecuting, has become liable to pay this judgment for costs, it seems clear that

they are liable in their individual capacity *only*, and not as representing school district No. 3. That is, that their liability to pay such costs does not make them a claim against the property of that district. So far as a liability to pay the costs is concerned, they stand in the place of the old board; but, inasmuch as the liability of that board imposed no liability upon the property of the district, the mere transfer of such liability to the new board will not impose any liability upon the district. Therefore, we should not hold that such costs should be paid from any property belonging to school district No. 3, nor against any that has passed to the new board in its official capacity.

It remains to determine whether, under the provisions of section 3247 of the Code, the new board should be held individually liable for such costs.

The old board claimed that a tax had been lawfully assessed upon the defendant Kerr for the benefit of school district No. 3, and such claim was the cause of action which it was prosecuting when the new board was created. Although it was not in fact a valid claim, it must be deemed, so far as this question is concerned, that there was a cause of action to be transferred. (*Tucker* v. *Gilman*, 58 Hun, 167, 170; affd., 125 N. Y. 714.)

It being the duty of such old board to collect all valid taxes assessed in behalf of such district it commenced this action. But not having obtained authority, by a vote of the district to do so, they took the chances of being unable to reimburse themselves from the district for any costs that might be awarded against them in the event that they failed to establish the legality of the tax which they claimed. By chapter 494 of the Laws of 1902 the new board was created as the successor of such old board, which was then legislated out of office, and all property belonging to it, or to the district, was vested in the new board. This operated, in our judgment, to transfer to the new board the cause of action upon which this action is based.

If the new board had made application under section 1930 of the Code to be substituted as plaintiffs in the place of the old board removed, it would not be doubted but that, under such statute, they had succeeded to such cause of action.

At the time they so succeeded to such cause of action they found

that a judgment had been rendered in favor of the old board for a recovery of the tax against Kerr, and that he had taken an appeal therefrom to this court on the ground that the alleged tax had never been lawfully levied against him.

The new board did not apply to be substituted in the place of the old board removed, but it took charge of the case and allowed it to proceed in the name of the old board, as it had the right to do. (Code Civ. Proc. § 756; *Hegewisch* v. *Silver*, 140 N. Y. 414, 420.) They employed an attorney, the same one who had been employed by the old board, and defended the appeal. In short, they adopted as their own the cause of action which the old board was prosecuting, and substantially approved the commencement of the action and all the proceedings which the old board had taken therein. Thenceforth the action was really prosecuted for the benefit of the new board. Had the judgment for the tax been affirmed, it would have been collected and paid over to the new board. And so they clearly come within the language and the spirit of section 3247 of the Code.

Whether, if the new board had taken no steps whatever in the matter, they would by operation of such statutes have been forced into the position of a personal liability for costs, in an action neither commenced nor approved by them, it is not necessary to now determine. They did take charge of and defend the appeal. It was upon the motion of *their* attorney that, instead of reversing the judgment, with costs, we granted a new trial and made the costs dependent upon its result. They seem to have fully approved the prosecution of the action, and we are of the opinion that, under these circumstances, section 3247 is applicable to them, and that the same liability for costs which was imposed upon the old board has now devolved upon them.

Section 3247 provides that the court may direct the person who becomes liable for costs under such section to pay them, and declares that a disobedience of the order is a contempt of court. It does not provide for the issuance of an execution, and, therefore, none should be ordered upon this motion.

We conclude that the order appealed from should be reversed, with costs, and that the motion should be granted to the extent of directing that the nine individuals constituting the members of the

said board of education pay the said judgment, with costs of such motion.

Whether the provisions of article 1 of title 15 of the Consolidated School Law (Laws of 1894, chap. 556) are adequate to reimburse such board we do not now consider, as evidently that question is not before us on this motion.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted as per opinion, with ten dollars costs.