## CHARLES M. HINES v. FRANK M. STAHL.

No. 15,673.  (99 Pac. 273.)

### SYLLABUS BY THE COURT.

1. INTOXICATING LIQUOR—*Execution Sale.* Intoxicating liquor. is not subject to seizure on execution, because the statute forbids its sale except by certain persons, for restricted purposes, and upon affidavit of the buyer showing the occasion for his purchase.

2. REPLEVIN—*Intoxicating Liquor—Failure to Prosecute—Right of Possession—Presumption—Official Conduct.* Where replevin was brought for intoxicating liquor, and after obtaining possession thereof the plaintiff dismissed his action, evidence that at the commencement of the litigation the defendant held the property as city marshal under a warrant issued by the police court justifies a presumption, in the absence of anything to suggest the contrary, that he was acting under an ordinance passed in aid of the prohibitory law authorizing the seizure and destruction of liquor kept for sale in violation of the statute.

3. —— *Judgment—Value of the Property.* In such a case, if the defendant is found to be entitled to a return of the property, he is also entitled to a judgment for its full value in case a return can not be had.

4. —— *Expiration of Defendant's Term of Office—Effect on Recovery.* In such a case a recovery by the defendant is not defeated by the fact that his term of office has expired.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed December 12, 1908. Affirmed.

*Otis E. Hungate,* and *Charles A. Magaw,* for plaintiff in error.

*W. H. Cowles,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:   Charles M. Hines brought an action against Frank M. Stahl to recover the possession of a quantity of intoxicating liquors.   An order of delivery was procured, upon which the property was taken from the defendant and delivered to the plaintiff.   Thereupon the plaintiff dismissed his action.   A trial was then had in accordance with the statute (Civ. Code, § 184) to determine the defendant's right of possession. He testified that when the action was begun he was the city marshal and chief of police of the city of Topeka and held the liquor under a warrant against Hines issued by the police court, and that his term of office had since expired.   This was substantially all the evidence. Judgment was rendered for the return of the property, and for its value, as fixed in the replevin affidavit, in case a return could not be had.   The plaintiff prosecutes error.

The principal attack is made upon that part of the judgment allowing the defendant to recover the full value of the property in case a return could not be had. The argument is this: Even conceding that under the authority of *Karr v. Stahl,* 75 Kan. 387, 98 Pac. 669, the defendant was entitled to an order for a return of the goods, the measure of his recovery in case a return could not be had was the value, not of the property itself, but of his interest in it; he had the burden of proving the extent of his interest; his only evidence was that he held it under an ordinance; he did not introduce the ordinance, and the court can not take judicial notice of its character; therefore he failed to show that his interest, whatever it might have been, was of any value, and the judgment should have been limited to a return of the property.

The fault of this reasoning lies in its ignoring the effect to be given to the presumptions that arise from the circumstances of the case. It must be presumed that the defendant's official conduct was regular and lawful, unless something is offered to indicate the contrary. The statute (Gen. Stat. 1901, § 2499) authorizes a city ordinance providing for the seizure and destruction of intoxicating liquors kept for sale in violation of law. And that is the only way, so far at least as now occurs to the court or has been suggested, by which the city marshal could legally acquire the possession of intoxicating liquors in virtue of his office. Doubtless if the officer had levied an execution on the property to satisfy a pecuniary demand (assuming that a police court may issue an execution as a means to enforce the collection of a fine or costs) he would have been required to show the amount of the claim, and if he had failed to do so would have been entitled to no alternative money judgment whatever. But that hypothesis is untenable for this reason, if for no other: intoxicating liquors are not subject to levy and sale on execution. This was decided by the court of appeals in *Oil Co. v. Angevine,* 6 Kan. App. 312, 51 Pac. 70. A petition was filed in this court asking a review of that decision, and as that was the only point involved the denial of the petition fairly implied an acceptance of the doctrine. At all events it is now accepted upon the grounds stated in the opinion. In volume 17 of the Cyclopedia of Law and Procedure, at page 949, it is said:

"The better rule seems to be that laws prohibiting the sale of spirituous liquors in a state, or local option laws prohibiting such sale in counties in which they are in force, do not, in the absence of special statutory provisions, apply to sales under judicial process; and that spirituous liquors are property, and as such under the protection of the law, and may be taken on mesne process or execution."

Whether the cases cited in support of this statement

Hines v. Stahl.

go to the extent indicated by the text, and whether if so they were well decided, need not be considered. Our statute not only forbids all sales except by certain persons and for restricted purposes, but provides that the buyer must make a showing as to the occasion of his purchase. It would manifestly be impracticable for an execution sale to be conducted according to that method, and, as was said in *Nichols v. Valentine*, 36 Maine, 322:

"After thus prohibiting our citizens . . . from all general traffic in intoxicating liquors, it would be an absurdity to say that the officers of the law, under its forms and by its protection, may become the vendors of those inhibited articles, restrained only by the obligation to sell to the highest bidder." (Page 325.)

Assuming, then, that the marshal held the liquors under an ordinance passed in aid of the prohibitory law, with the purpose of destroying them if found to be kept or used in violation of the statute, the measure of his interest was manifestly either their full value or nothing at all—no other test is possible. There is no way of compensating in dollars and cents the loss of the right to destroy contraband goods, unless it be by restoring their full value. The question is one of statutory construction, and we can not suppose that the legislature intended that the elaborate provisions of the statute for the seizure and destruction of property used for forbidden purposes could be nullified by the device of regaining possession by replevin and then dismissing the action, making away with the goods, and leaving the public officers remediless. True, the situation presented by the substitution of a sum of money for property that is held only for destruction is anomalous, but any difficulty as to the proper disposition of the fund need not give present concern. However much anxiety and embarrassment the problem may cause those charged with the interpretation and execution of the law, it need occasion none to the plain-

tiff. He voluntarily assumed the burden of taking the property subject to the order of the court, under liability to account for its value if he should fail to produce it when ordered. That he is held to this measure of accountability affords him no just ground of complaint. We think there was no error in permitting a recovery by the defendant, in case a return of the liquor could not be had, of its full value. This view was taken by the supreme court of Iowa in *Funk & Hardman v. Israel*, 5 Iowa, 438, 454, against a strong dissent, based mainly upon the difficulty of finding a proper beneficiary for the proceeds of the money judgment if collected. The case has since been followed. (*Fries &.Co. v. Porch*, 49 Iowa, 351, 357.)

The plaintiff mentions that in the answer the defendant designates the ordinance upon which his warrant was based as that numbered 2211, and that in *In re Van Tuyl*, 71 Kan. 659, 81 Pac. 181, this court held an ordinance of the city of Topeka bearing that number to be in conflict with the statute. We can not, however, take notice here of the proceedings in that case, or presume the identity of the ordinance there held void with the one referred to in the pleadings in this case.

The defendant's right of recovery is also questioned upon the ground that at the time of the trial his term of office had expired. Where a public officer is involved in litigation in his official capacity the expiration of his term does not require a substitution of his successor. The public is conceived as being the real litigant. (*The P., Ft. W. & C. Ry. Co. v. Martin, Treasurer*, 53 Ohio St. 386, 41 N. E. 690; *Bridge Co. v. Mayer*, 31 Ohio St. 317; *Shull v. Comm'rs of Gray Co.*, 54 Kan. 101, 37 Pac. 994.) Moreover, there is express authority for permitting a recovery in the name of Stahl, notwithstanding he is no longer in office, for the statute provides that "in case of any other transfer of interest [than by death or other disability] the action may be

continued in the name of the original party." (Civ. Code, § 40; *Hegewisch v. Silver,* 140 N. Y. 414, 35 N. E. 658.)

The judgment is affirmed.