FRED ROBERTSON et al., Appellants, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RAW-LINS, Appellee.

No. 16,845.

OPINION ON REHEARING.

HEADNOTE BY THE REPORTER.

VOLUNTARY AGENT—Expenditures—Reimbursement. Where a county accepts the benefits of the services of a voluntary agent in perfecting its title to real estate such agent is entitled to reimbursement by the county for his legitimate expenditures in the transaction, but where the agent, after suit has been brought on such transaction, takes an assignment of a supposed outstanding claim in a hostile effort to defeat the county, he stands in his assignor's shoes and the county is not compelled in equity to adopt or ratify such conduct or to reimburse him for procuring the assignment, as an incident to relief in the pending suit respecting the former transaction.

Appeal from Rawlins district court. Opinion on rehearing, filed December 9, 1911. Original opinion

adhered to.    (For original opinion, see 84 Kan. 52, 113 Pac. 413.)

*W. S. Morlan,* for the appellants.

*J. P. Noble, T. F. Garver,* and *R. D. Garver,* for the appellee.

*Per Curiam:* Ratcliff was made a trustee of the Banta title against his will (*Robertson v. Rawlins County,* 84 Kan. 52, 113 Pac. 413, because the county took the benefit of his voluntary services.   So far as Ratcliff's purchase of that title was concerned the county is placed in the same position as if he had been authorized at the beginning to conduct the negotiations. For that reason, and for no other, the county should reimburse him for his legitimate expenditures in the transaction with Mrs. Banta.   The county thereby discharges its legal duty to reimburse its agent and his protection should be concomitant with the confirmation of the county's title.   The subject is one which necessarily attaches to the relief granted to the county and the judgment ought to be modified to include it.   The Creveling claim, however, stands on an entirely different footing.   The county has never accepted or adopted or ratified its purchase by the plaintiffs and is under no obligation to do so.   That claim was purchased pending the litigation in a hostile effort to defeat the county and the ratification of Ratcliff's services in the interest of the county in one matter does not include or compel a ratification of subsequent action by him and his assignee against the county's interest in a separate and independent matter.   The validity of the Creveling claim has never been established, its character and amount are uncertain, and whatever it may be, the plaintiffs simply stand, with respect to it, in Creveling's shoes.   Whatever rights she had the plaintiffs bought and whatever remedies she had passed to them.   But the county is not bound by any stronger "equity" to

respect the claim in their hands than if Creveling still owned it. As shown by the original opinion (p. 62), the district court was well within its power in refusing to permit new issues on the Creveling matter to be introduced at the very end of the trial. That is precisely what this court would be requiring if it should now direct the trial court to proceed as the plaintiffs demand. Therefore the judgment will be modified no further than has already been indicated.

The original opinion is affirmed.