THE CITY OF TOPEKA, *Appellant,* v. FRANK M. STAHL, *Appellee.*

No. 17,476.

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Seizure—Replevin Bond—Forfeiture—Judgment—Proceeds.* Where an officer seizes intoxicating liquors upon a warrant issued under a city ordinance authorizing their destruction upon certain conditions, and after surrendering them upon an order of delivery in replevin, obtains a judgment for their value in default of their return, he holds such judgment for the benefit of the city, and upon its collection by him he becomes liable to the city for its amount, less any expenses he may have necessarily incurred in obtaining it.

Appeal from Shawnee district court. Opinion filed March 9, 1912. Reversed.

*W. C. Ralston,* city attorney, and *James W. Clark,* assistant city attorney, for the appellant.

*W. H. Cowles,* for the appellee.

The opinion of the court was delivered by

MASON, J.: On July 20, 1910, the city of Topeka sued Frank M. Stahl, its petition setting out ten counts or causes of action. A general demurrer to the whole was sustained, and it appeals. The facts as stated in the first count were substantially as follows: In 1904 Stahl was chief of police. In that capacity he seized certain intoxicating liquor, upon a warrant issued by the police

judge, under color of an ordinance providing for its destruction under certain circumstances upon order of the police court. One E. S. Lee brought replevin for the liquor, and in that way obtained possession of it, as Stahl gave no redelivery bond. Then Lee caused the replevin action to be dismissed. Upon application of Stahl, the court then proceeded under the statute (Civ. Code, § 184) to inquire into his right of possession, and rendered a judgment in his favor, for the return of the liquor or for its value if a return could not be had. The liquor was not returned. On February 4, 1909, Lee paid the amount of the alternative judgment into court, and the money was turned over to Stahl.

The second count was based upon similar facts. The third and fourth differed only in that the money was alleged to have been collected from the sureties on the replevin bonds. In each of the remaining counts it was alleged that under similar circumstances a judgment had been rendered in favor of Stahl in another replevin case, and that he had also obtained judgment either upon the replevin bond or upon a supersedeas bond given in the course of an unsuccessful appeal. Upon the first four counts the city asked judgment for the amounts collected by Stahl, and upon the last six it asked for such orders as would establish and protect its beneficial interest in the unpaid judgments standing in Stahl's name.

We think the demurrer should have been overruled. The argument is made in behalf of the defendant that the replevin actions were brought against him, not as chief of police, but in his individual capacity; and that he was personally entitled to the benefits of the judgments. No importance can be attached to the fact that the plaintiffs in the replevin actions did not describe the defendant as an officer, or allege that he held the liquor in an official capacity. They claimed the property and sued the person in whose possession they found it. He could have defended by showing any

right of possession he had in any capacity.  As each replevin action was dismissed, he asked a trial upon the question of his right to have the liquor returned to him.  He obtained a judgment for the restoration of the property, or for its value in case a return could not be had, only because of the fact that he was an officer and had seized it upon a warrant.  If the property had been returned to him he would have held it as an officer.  He would not have been at liberty to dispose of it in any other manner than as directed by the court.  If he had used it for his own benefit he would have been guilty of official misconduct.  If he had sold it he would doubtless have been liable to the city for the amount received.  The money judgment was in a way a substitute for the property.  The defendant's relation to it was official rather than personal.

In *Fries & Co. v. Porch,* 49 Iowa, 351, a peace officer holding intoxicating liquor on a state warrant was sued for its possession.  He consented to a judgment for the plaintiff.  An appeal was taken in his name in behalf of the public.  The supreme court reversed the case, directing that the officer's successor should be substituted as defendant, and that if the destruction of the liquors had been adjudged an order should be made for their return to the defendant, and that in default thereof judgment should be entered in his favor, for the use of the state, for their value.  That case was one of those relied upon by this court in affirming the judgment in favor of Stahl in one of the replevin actions.  (*Hines v. Stahl,* 79 Kan. 88, 99 Pac. 273.) In reviewing that judgment the difficult question was how to measure the value of the interest of an officer in liquor which he held only that he might destroy it if it were found to have been used in violation of law.  In the opinion it was said that "there is no way of compensating in dollars and cents the loss of the right to destroy contraband goods, unless it be by restoring their full value." (p. 91.) The right to destroy the

liquor was essentially the right of the public, or of the officer in his official capacity, and not that of an individual. The interest held in the property, which was required to be measured and which was the basis of the recovery, was essentially the interest of the city, or of the officer, as such, and not that of Stahl personally.

The situation is unusual, and there is a lack of decisions having any very close bearing. The question is somewhat analogous to that presented where an officer refuses to turn over money which has been paid to him because of his office, but to which neither he nor the public had originally any right. In some jurisdictions the criminal liability of an officer under such circumstances is denied (Note, 23 L. R. A., n. s., 761), but his civil liability appears to be everywhere recognized (Mechem's Public Offices and Officers, §§ 295, 915; note 9, 23 A. & E. Encycl. of L. 372, 373; 4 Supp. to A. & E. Encycl. of L. 533). In *State, ex rel., v. Dunbar,* 53 Ore. 45, 98 Pac. 878, it was held that a state officer who collected fees for himself under an unconstitutional statute could not be required to pay them over to the state. In a note thereto three decisions are cited, one apparently supporting the view that an officer who without right collects fees, avowedly for his own benefit and not for that of the public, can not be compelled to pay them into the public treasury, and the others having a contrary tendency. (20 L. R. A., n. s., 1015.) Two other cases seem to incline to the latter view (*State v. Porter,* 69 Neb. 203, 95 N. W. 769, and *State v. Allen,* [Tenn. Ch. App. 1898] 46 S. W. 303), which appears to be more in accordance with the principle that requires an officer to account for any interest he receives on public funds (23 A. & E. Encycl. of L. 373), or for any personal profit he makes in administering his office (*United States v. Carter,* 217 U. S. 286; *The State v. Leidtke,* 12 Neb. 171, 10 N. W. 703).

Upon these considerations we hold that the city was entitled to the benefit of the several judgments ren-

dered in favor of Stahl. This disposes of the principal question involved, but various special objections to the petition are urged. It is argued that the city's right of action is barred by the statute of limitations or by laches. We think that in each instance in which money was collected upon a judgment the law implied a contract to pay it to the city, and a right of action accrued which would not be barred by the statute of limitations under three years. The counts in which no actual receipt of money is alleged are in effect actions to declare the existence of a trust, and whatever may be the period of limitation it would not begin to run until a disavowal of the trust relation. It fairly appears from the petition that the city took no part in the litigation growing out of the replevin actions, but left Stahl to handle it in his own way and at his own expense. This does not bar the city from its interest in the judgments, but it is a sufficient reason for regarding Stahl as in effect having a lien upon all of them and their proceeds for whatever expenses he has necessarily incurred in obtaining and collecting any of them, including, of course, his attorney's fees. It would manifestly be inequitable that the city should accept the benefit of Stahl's conduct without reimbursing him for his legitimate expenditures in the transaction. (*Robertson v. Rawlins Co.*, ante, p. 10, 119 Pac. 316.) The petition was not rendered demurrable, however, by its failure to include an offer to provide for such reimbursement, the amount of which is proper to be set out in an answer.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.