---

(89 App. Div. 231.)

ANDERSON v. SCHOOL DIST. NO. 15, TOWN OF CORTLANDT.

(Supreme Court, Appellate Division, Second Department.    December 30, 1903.)

1. SCHOOL DISTRICTS—LITIGATION—EXPENSES—REIMBURSEMENT OF TRUSTEES— COUNTY JUDGE—ORDERS.

Under the consolidated school law (Laws 1894, pp. 1280–1282, c. 556, tit. 15, art. 1, §§ 4–7), providing for reimbursement of school trustees for expenses incurred by them in legal proceedings touching any district property, or involving its rights or interests, and declaring that, if the inhabitants of the district refuse to allow the trustee's claim, he may appeal to the county judge, where a school trustee defended a claim against the district on a bona fide belief that if he paid the claim the district's funds would be insufficient to meet its annual expenses, etc., and to maintain a school for the number of weeks required by law, an objection to an allowance of his expenses in such suit by the county judge that no district interest was involved therein which the trustee defended was unsustainable.

2. SAME—STATUTES—CONSTRUCTION—APPEAL.

The consolidated school law (Laws 1894, pp. 1280–1282, c. 556, tit. 15, art. 1, §§ 4–7) provides that the decision of a county judge in a proceeding by a school district trustee to compel reimbursement for expenses incurred by him in litigation affecting the interests of the district, allowing or disallowing the claim, shall be final. *Held*, that the word "final," in such clause, had the effect only of making the county judge's order a final order in a special proceeding, and did not deprive the defeated party of the right of appeal otherwise authorized by Code Civ. Proc. § 1357.

Appeal from Special Term, Westchester County.

Proceeding by David Anderson against School District No. 15 of the town of Cortlandt to recover on an account for expenditures made in defending certain litigation against the district. From an order charging a portion of the account to the district, it appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Nathan P. Bushnell, for appellant.
Elbert P. James, for respondent.

WILLARD BARTLETT, J.   The respondent was sole trustee of School District No. 15 of the town of Cortlandt, in the county of Westchester.   A mandamus proceeding was instituted against him in the Supreme Court by Nathan P. Bushnell to compel the payment of a claim against the district.   The respondent defended such proceeding, without, however, having obtained any resolution of the district meeting instructing him so to do.   He was unsuccessful at the Special Term, and was also defeated upon an appeal to this court.   People ex rel. Bushnell v. Anderson, 69 App. Div. 619, 75 N. Y. Supp. 240.

The consolidated school law provides for a mode of procedure by which a trustee of a school district may obtain reimbursement for the expenses incurred by him in defending a legal proceeding "touching any district property or claim of the district, or involving its rights or interests."   If the defense has been made pursuant to instructions contained in a resolution of the district at a meeting called for that purpose, the statute provides that such expenses shall be a district charge, and shall be levied by tax.   If, however, the defense has been interposed without any such resolution, the defending officer may present his account to a regular meeting of the inhabitants of the district.   If a majority of the voters at such meeting so direct, it shall be the duty of the trustees to cause the expenses to be assessed upon, and collected out of, the taxable property of the district. If, however, the inhabitants at the district meeting refuse to direct the trustees to levy such tax, the defending officer may appeal to the county judge of the county, who is authorized to examine into the matter, hear the proofs of the respective parties, and decide by order whether or not the account, and what portion thereof, ought justly to be charged upon the district.   The statute further declares that "the decision of the county judge shall be final; but no portion of such account shall be so ordered to be paid which shall appear to such judge to have arisen from the willful neglect or misconduct of the claimant."   Laws 1894, pp. 1280–1282, c. 556, tit. 15, art. 1, §§ 4–7. The appellant, following the procedure thus prescribed by the consolidated school law, has obtained from the county judge of Westchester county an order declaring that a portion of his account (omitting the expenses incurred for the appeal to the Appellate Division, which are held to have been needless) ought justly to be charged upon the district, and directing that the amount allowed shall be assessed and levied upon the district.   From this order the school district has taken the present appeal.

In behalf of the appellant it is contended that the county judge was without jurisdiction to make the appellant's claim a charge on the district, unless some district interest was involved in the mandamus proceeding which the appellant defended as trustee, and it is further argued that no such interest was therein involved.   I cannot accede to the correctness of the second proposition.   It appears that when the appellant was called upon to pay the Bushnell claim, for $328.50, which was afterwards the subject of the mandamus proceeding, the uncollected taxes of the district for the school year amounted to $519.82.   On account of this condition of the funds, the appellant declares that he believed that he would be short of money

to meet the necessary annual expenses of the school district, and that he was advised by counsel learned in the law that he possessed a legal discretion in the matter, and that it was his duty, under the circumstances, to refuse to pay the Bushnell claim at that time, in order to protect the rights and interests of the district, and for the purpose of maintaining the school therein for the requisite number of weeks in the school year, as prescribed by law. This view was not unreasonable. It cannot fairly be said that it was not taken in the maintenance of the rights and interests of the district, and, if so, the county judge was clearly empowered to make the adjudication under review.

I think, also, that his order was right upon the merits, and that it should be affirmed, unless the declaration in the statute that "the decision of the county judge shall be final" is construed as denying any right of appeal to the district. If such be the correct construction, the appeal, of course, would have to be dismissed. I am inclined, however, to think that the word "final," in the clause quoted, was merely intended to give the order the effect of a final order in a special proceeding, and that, like other orders of that class, it is subject to review in this court. Code Civ. Proc. § 1357. The order should be affirmed.

Order of the county judge of Westchester county affirmed, with $10 costs and disbursements. All concur.