JOHN W. WELKER et al., as Trustees of School District No. 12 of the Town of Darien, Appellants, *v.* ANDREW J. LATHROP et al., Respondents.

School trustees — contest over title to office of school trustee between candidates claiming to be elected at same school district meeting — court of equity will not entertain jurisdiction of such controversy — appeal from meeting should be taken to commissioner of education.

1. Title to office can be finally decided only in proceedings at law as quo warranto, mandamus or prohibition, and a court of equity will not entertain jurisdiction over contests for public office.

2. This rule applied to a contest over the title to the office of school trustee when both claimants rested upon an election alleged to be regular and valid, and *held*, that it was not a case for an injunction.

3. The public interests in such case require the contending parties to adopt the remedy provided by section 360 (now 880) of the Education Law (Cons. Laws, ch. 16; amd. L. 1910, ch. 140), which confers upon the commissioner of education power to review " any decision made by any school district meeting."

*Welker* v. *Lathrop*, 149 App. Div. 935, modified.

(Argued February 11, 1914; decided March 10, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 1, 1912, affirming a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Le Seur* for appellants.

*O. P. Stockwell* for Andrew J. Lathrop, respondent. Even though an irregularity in the proceedings of the meeting did occur, the decision of the chairman of the meeting is final and conclusive, until disturbed by an appeal or by a direct action brought for that purpose.

(*Hutchinson* v. *Skinner*, 21 Misc. Rep. 734; *Smith* v. *Proctor*, 130 N. Y. 322; *Matter of Purdy*, 56 App. Div. 544; *People ex rel. Yale* v. *Eckler*, 19 Hun, 609; L. 1909, ch. 21, § 260.)

*Michael L. Coleman* for Henry I. Barber, respondent. The Education Law of this state provides a method of reviewing proceedings of this kind, and until the education department has reversed the determination made by the chairman of the meeting, his determination is conclusive and not subject to review by the courts. (L. 1909, ch. 21, § 260; *Matter of Purdy*, 54 App. Div. 544.)

CUDDEBACK, J. The controversy in this action arises over the rival claims of the plaintiff Humphrey and the defendant Lathrop to the office of school trustee. At the annual school meeting the voters present proceeded to elect a trustee to take the place of the defendant Lathrop, whose term of office had expired. The plaintiff Humphrey received a majority of the votes cast. A motion was then adopted to proceed to a formal ballot for trustee, and thereupon a second ballot was taken on which the defendant Lathrop received a majority of the votes cast. The contention of the plaintiff is that Humphrey was elected on the first ballot, and that the subsequent vote, which resulted in the choice of the defendant Lathrop, was irregular and unauthorized.

The defendant Lathrop entered upon the discharge of his duties and co-operating with the trustee Tiffany, one of the plaintiffs, employed the defendant Barber to teach the district school. The plaintiff Humphrey, co-operating with the trustee Welker, also a plaintiff, then employed another teacher. The defendant Barber appeared at the school building, obtained possession of the register, and attempted to organize the school, but he was arrested on a warrant issued by a justice of the peace, and was ejected from the building. Thereupon the teacher

appointed by the plaintiffs Humphrey and Welker took possession and proceeded to teach.

The action was brought to obtain a temporary injunction restraining the defendants from entering the school building; or in any way interfering with the operation and teaching of the school, which they threatened to do. The defense is that the election of the defendant Lathrop was legal and that the plaintiff Humphrey was neither trustee *de jure* nor *de facto.*

The issues in the action were referred to a referee to hear and determine. The referee made and filed his report in favor of the defendants, and directed the dismissal of the complaint. A judgment was entered accordingly dismissing the complaint upon the merits.

The conclusions of law appearing in the referee's report are:

1. That the defendant Andrew J. Lathrop was legally elected a trustee of said school district at the annual meeting held therein August 4, 1908;

2. That on the 14th of September, 1908, the defendant Henry I. Barber was the only person entitled to act as teacher of said district, and it was his duty to do so.

The court below has, therefore, in this equitable action determined the title to the office of school trustee.

It is a well-settled rule that the title to office can be finally decided only in proceedings at law as quo warranto, mandamus or prohibition, and that a court of equity will not entertain jurisdiction over contests for public office. (*People ex rel. Corscadden* v. *Howe,* 177 N. Y. 499; *Matter of Sawyer,* 124 U. S. 200; *White* v. *Berry,* 171 U. S. 366; *Gilroy's Appeal,* 100 Penn. St. 5.)

The plaintiffs, however, contend that the relief asked for in the complaint was simply to maintain the *status quo* until the title to the office could be determined by a proper proceeding at law. It is urged that an injunction was necessary to prevent an unwarranted invasion of the office by the defendant Lathrop. But the court in *People*

*ex rel. Corscadden* v. *Howe* (*supra*) also decided that proposition. It was urged there that an injunction was proper to prevent a trespass and an interference with the plaintiff's duty to care for the public books and records. The court said it was not impressed with this theory, and continued: "If the theory is sound, it would seem to be equally applicable to the cases of all public officers and the result of the doctrine of the case would be that every official could retain his office until his successor had succeeded in ousting him by a quo warranto." (p. 506.)

There may be cases, as was said by Chief Justice WAITE in a dissenting opinion filed in *Sawyer's Case* (*supra*), when the tardy remedies of quo warranto, certiorari and other like writs will be entirely inadequate, and resort to injunction may be necessary in the public interests. (See, also, to the same effect, High on Injunctions [4th ed.], § 1315.)

But this is not a case of that nature. There is no usurper here attempting to invade a public office and depose the duly elected incumbent, to the great detriment of the public interests. There is simply a contest over the title to the office of school trustee, both claimants resting upon an election alleged to be regular and valid. It was no case for an injunction. (*Morris* v. *Whelan*, 11 Abb. [N. C.] 64.)

The public interests rather required the contending parties to adopt the expeditious and inexpensive remedy provided by section 360 (now 880) of the Education Law. That section confers upon the commissioner of education power to review, on the petition of a person aggrieved, "any decision made by any school district meeting."

This action was commenced in September, 1908, was twice tried, twice considered in the Appellate Division, and is now before this court. The term of office which the controversy involved long since expired, and the only question remaining is, Who shall pay the costs and damages which follow from the institution of the suit?

I recommend that the judgment appealed from be modified so as simply to dismiss the complaint, but not upon the merits, and as thus modified the judgment be affirmed, without costs in this court to either party.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN, MILLER and CARDOZO, JJ., concur.

Judgment accordingly.