## In re HUMPHREY et al.

(Supreme Court, Special Term, Genesee County. March 23, 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬳126—ACTIONS—COSTS AND EXPENSES.

An action by a trustee of a school district and one who claimed to be a trustee, for injunction against another claimed trustee and a teacher employed by the latter and the other trustee, begun without consulting the last-mentioned trustee, who was, however, afterwards made a party, resulting in a judgment that it was not a proper case for injunction, did not affect the property, claim, rights, or interests of the district, within Education Law (Consol. Laws, c. 16) §§ 858–861, authorizing trustees who have brought an action involving the property, claim, rights, or interests of the district to recover the costs and charges expended by them from the district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 282; Dec. Dig. ⬳126.]

2. SCHOOLS AND SCHOOL DISTRICTS ⬳53(1)—TRUSTEES—DETERMINATION OF RIGHT TO OFFICE.

The remedy of a person claiming to have been elected trustee of a school district against another claimant is by appeal to the commissioner of education, as authorized by Education Law, § 880.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 113, 127, 128, 134, 135; Dec. Dig. ⬳53(1).]

3. SCHOOLS AND SCHOOL DISTRICTS ⬳126—ACTIONS—COSTS AND EXPENSES.

Code Civ. Proc. § 1931, authorizing execution on a judgment against the trustees of a school district in an action brought in their official capacity, and providing that the sum must be allowed to them in settlement of their official accounts, except as otherwise specially provided, does not authorize recovery by a trustee and claimed trustee of the costs and expenses of an action for injunction against the other claimant and a teacher appointed by the latter claimant and another trustee; an action brought by two of the trustees without consulting the third, though the third trustee was afterwards made a party, not being brought in their official capacity.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 282; Dec. Dig. ⬳126.]

Frank C. Humphrey and another appeal from the refusal of School District No. 12, Darien, N. Y., to vote a tax for the payment of costs and expenses of litigation; proceedings having been instituted before the County Judge, and continued before Supreme Court Justice at chambers, under Code Civ. Proc. § 342. Claim denied.

Wallace Thayer, of Buffalo, for claimants.
William H. Coon, of Batavia, for school district.

BROWN, J. At a duly assembled meeting of the qualified voters of school district No. 12 of the town of Darien, N. Y., held July 9, 1915, there were presented duly verified accounts of the claimants against the district, aggregating about $3,000, accompanied by a duly verified petition alleging that such sum of money had been expended by the claimants in bringing an action in the Supreme Court touching the school district property or a claim of the district, or involving the rights or interests, and praying that such accounts be approved by the

meeting, and that it direct the trustees to assess and collect the same out of the taxable property of the district, etc. The district meeting duly passed a resolution denying the petition, and refused the relief requested or demanded therein. Thereupon the claimants duly appealed from such refusal to the county judge of Genesee county, and gave notice of the presentation of such petition and claim to such county judge for settlement, as provided by section 860 of the Education Law. The district duly served an answer, denying that the claimants had expended any money for and on behalf of the district in any litigation touching its property, claim, rights, or interests, and alleging that the district had never by resolution or otherwise authorized claimants to institute or prosecute such litigation, or to incur any liability on its behalf, and that such litigation was instituted by claimants solely in their private interests, to determine whether claimant Humphrey or one Andrew J. Lathrop had been elected trustee of said district at an annual meeting held August 4, 1908; that such litigation was wholly unnecessary.

The petition and accounts of the claimants, together with the answer of the district, were presented to the county judge of Genesee county for settlement, and such county judge, deeming himself disqualified to act, filed his certificate of disqualification, and under the provisions of section 342 of the Code of Civil Procedure the proceedings were continued before me at chambers in the city of Buffalo in July, 1915. By the terms of section 861 of the Education Law it is my duty to determine whether or not the account, or any and what portion thereof, ought justly to be charged to the district. Such determination involves the examination of all the testimony relative to the services rendered, expenditures made, and the reasons therefor, to the end that a finding be made as to whether the litigation resulting in such a large charge was an action brought by the trustees of the district touching or involving any property, claim, rights, or interests of the district, within the terms of sections 858, 859, and 860 of the Education Law. Unless such property, claim, rights, or interests were involved in such an action, the expense thereof could in no event become a charge against the district.

[1] It is the contention of the claimants that the sum of $3,000 was unavoidably expended in good faith for the benefit of the district, in determining who was elected trustee at the annual meeting in August, 1908, and who was legally employed to teach the school for the then ensuing school year. It is believed that a brief recital of the proceedings at such school meeting, the various steps taken by the claimants, the services rendered and the things done that constitute the charge against the district, will establish that such services and expenditures were wholly unnecessary and cannot form the basis for any just charge against the district.

At the annual school meeting the voters proceeded to elect one trustee for three years. The claimant Humphrey received a majority of the votes cast. A motion was then unanimously adopted to proceed to a formal ballot for trustee, and Andrew J. Lathrop received a majority of the votes cast. The chairman of the meeting declared La-

throp elected trustee. Lathrop, acting with Trustee Tiffany, employed one Barber to teach the school for the school year. Claimant Humphrey then contended that he was elected trustee on the first ballot, and that the subsequent vote, which resulted in the choice of Lathrop, was irregular and unauthorized; and he thereupon, acting with Trustee Welker, employed one Lavin to teach the school for the ensuing term. Both teachers undertook to open school on the first Monday of September, 1908. Claimant Humphrey procured the arrest of Barber on the charge of willful interference with the school. Barber was discharged by the magistrate upon his giving an undertaking for his appearance for trial, returned to the schoolhouse, took possession, and displaced Lavin. Whereupon claimants Humphrey and Welker brought an action in the Supreme Court as plaintiffs against Lathrop and Barber, alleging that they, Humphrey and Welker, were the lawful trustees of the district, that Lathrop was not a trustee, that Barber had not been legally employed as teacher, that Lathrop and Barber unlawfully took possession of the school and were unlawfully conducting the same, and obtained a preliminary injunction restraining them from entering the schoolhouse, etc. Lathrop and Barber thereupon ceased to act as trustee and teacher, respectively, employed separate counsel, and answered the complaint, alleging that Lathrop was trustee and that Barber had been legally employed as teacher. The action was brought to trial before a referee February 19, 1909, testimony as to all proceedings at the school meeting was taken, and on May 5, 1909, findings were made by the referee, deciding that claimants Humphrey and Welker and one Tiffany were, and ever since August 5, 1908, had been, sole trustees of the district, and directing judgment restraining Lathrop and Barber from interfering with the school, with costs.

From the judgment entered in pursuance of such report of the referee, Lathrop and Barber took an appeal to the Appellate Division, and in June, 1910, the judgment appealed from was reversed on the law and facts, a new trial was ordered, with costs to appellant to abide the event, and it was held that Trustee Tiffany should have been made a party. Welker v. Lathrop, 139 App. Div. 924, 123 N. Y. Supp. 1148. Tiffany was made a party, and a new trial was had March 31, 1911, before another referee. On October 26, 1911, such referee decided that Lathrop was legally elected trustee at the August, 1908, school meeting, and that the defendants in the action, Lathrop and Barber, were entitled to judgment dismissing the complaint on the merits, with separate bills of costs. From the judgment entered upon such report claimants Humphrey and Welker appealed to the Appellate Division, where in March, 1912, the judgment appealed from was affirmed, with costs. 149 App. Div. 935, 134 N. Y. Supp. 1150. From this judgment of affirmance the claimants Humphrey and Welker appealed to the Court of Appeals, where in March, 1914, the judgment was modified by striking out "on the merits," and, as modified, affirmed. 210 N. Y. 434, 104 N. E. 938.

The result of this litigation is a judgment dismissing the complaint of claimants Humphrey and Welker, which has been affirmed by the

Court of Appeals; that such claimants did not prove any facts entitling them to an injunction; that the claimants in their complaint had not stated any cause of action against Lathrop and Barber; that the claimants had judgments for taxable costs and disbursements against them for a large sum of money; that Lathrop and Barber are not liable for any costs or disbursements—all of which does not affect the property, claim, rights, or interests of the district in the slightest degree.

The claimants contend that the only way or manner in which the contest could be determined as to who should teach the school in September, 1908, and a peaceful, suitable school conducted, was to obtain the injunction and restrain Lathrop and Barber from interfering with the school, that they took the only reasonable steps that could have been taken to insure the peaceable teaching of the school, and that their acts were all in good faith and for the benefit of the district. The difficulty with this argument is that the Court of Appeals has said:

"It is urged that an injunction was necessary to prevent an unwarranted invasion of the office by the defendant Lathrop. But the court, in People ex rel. Corscadden v. Howe, 177 N. Y. 499, 69 N. E. 1114, 66 L. R. A. 664, decided that proposition. It was urged there that an injunction was proper to prevent a trespass and an interference with the plaintiff's duty to care for the public books and records. The court said it was not impressed with this theory, and continued: 'If the theory is sound, it would seem to be equally applicable to the cases of all public officers, and the result of this doctrine of the case would be that every official could retain his office until his successor had succeeded in ousting him by quo warranto.' There may be cases * * * where the tardy remedies of quo warranto, certiorari, and other like writs will be entirely inadequate, and resort to injunction may be necessary in the public interests; * * * but this is not a case of that nature. * * * There is simply a contest over the title to the office of school trustee, both claimants resting upon an election alleged to be regular and valid. It was no case for an injunction."

The action brought by the claimants Humphrey and Welker against Lathrop and Barber was for an injunction. The Court of Appeals has said that it was no case for an injunction. Such being the law of that case, how can it be said here that the property, claim, rights or interests of the district were or could have been involved in that action? If anything is certain, it is that claimants' action for an injunction thus far has not been an action touching any district property or claim of the district, or involving its rights or interests.

[2] It is provided by section 880 of the Education Law that any person conceiving himself aggrieved may appeal from the action of any school district meeting to the commissioner of education, who is required to examine and decide the same, and his decision in such appeal shall be final and conclusive, and not subject to question or review in any place or court whatever. It would have been a very simple, inexpensive, expeditious, and effective proceeding for the claimants to have taken advantage of the provisions of this section, and have had it determined within a week who was legally elected trustee at the August, 1908, school meeting. The expense would not have exceeded $25. It is believed that it was the official duty of the claimants to serve their district in this economical manner, rather than em-

bark in litigation that results in their making a claim against the taxable property of the district of $3,000.

It is claimed, however, by claimants, that in effect an appeal was taken to the commissioner of education, resulting in a practical decision that claimant Humphrey was duly elected at the August, 1908, school meeting. While it is true that a copy of the minutes of that school meeting was sent to the commissioner of education, with the inquiry as to who was elected trustee, and a letter was received by the district clerk from the law division of the education department stating that claimant Humphrey was elected, yet the fact remains that no appeal such as is contemplated by statute was ever taken from the action of the annual meeting, and claimants never took the simple and necessary steps to obtain from the only existing authority an effective decision as to who was legally elected trustee; that simple question has never yet been effectively decided. The Court of Appeals said on the appeal to it that a court of equity will not entertain jurisdiction over contests for public office. Welker v. Lathrop, 210 N. Y. 436, 104 N. E. 938. Such a decision on an appeal to the commissioner of education would have ended all trouble, or else have given the claimants a meritorious cause of action to enforce such decision.

It is very clear that the school district never, by resolution or otherwise, instructed claimants to bring such action, never ratified the bringing of such action, never has taken any steps from which an inference is permissible that it was the district's litigation, and has not approved of claimants' accounts in any manner. It is equally clear that the claimants instituted the litigation, then intending that the costs and expenses would be paid by Lathrop and Barber as unsuccessful defendants, in satisfaction of judgments against them for costs. There is nothing in the record indicating an intent on the part of any district meeting to assume liability for these claims.

[3] It is urged on behalf of the claimants that under the provisions of section 1931 of the Code of Civil Procedure that portion of their claim which consists of moneys paid in satisfaction of judgment recovered against them as trustees must be allowed and paid by the district. That section provides that, where judgment is rendered against a trustee of a school district or a commissioner of highways, an execution may be issued and collected out of the property of the officer, and the sum collected must be allowed to him in the settlement of his official accounts, except as otherwise specially prescribed by law.

It seems to be otherwise specially prescribed by law (sections 850–862 of the Education Law) precisely how and in what manner claims for school trustees' costs and reasonable expenses, as well as all costs and damages adjudged against them, may be allowed and paid. It was held in People ex rel. Wallace v. Abbott, 107 N. Y. 225, 13 N. E. 779, that a judgment for costs against a school trustee could not be collected, except by and in the manner provided by the School Law, which proceeding was prescribed by a statute identical with sections 850–862 of the Education Law, and that that proceeding was exclusive. In Beck v. Kerr, 87 App. Div. 1, 83 N. Y. Supp. 1057, it was held that a judgment for costs against a school trustee, in an action instituted

by the trustees without authority of the district, is not a claim against the district, but against the trustees personally. In People v. Skinner, 74 App. Div. 58, 77 N. Y. Supp. 36, the order of the state superintendent of public instruction, setting aside the action of a school district meeting in voting to pay costs and expenses incurred by trustees in a litigation that did not involve district rights or interests, was upheld. In Anderson v. School District, 89 App. Div. 231, 85 N. Y. Supp. 943, and in Re Purdy, 56 App. Div. 544, 67 N. Y. Supp. 642, the action clearly did involve district interests and claims.

It is quite clear, from all authorities cited, that claimants are not entitled to any relief by virtue of the provisions of section 1931 of the Code of Civil Procedure. It is also clear that the claimants have not established any right to relief by virtue of sections 858–862 of the Education Law. Those sections have reference solely to actions brought by "the trustees of any school district," not to actions brought by any two of such trustees. There were three trustees of the school district. It is conceded by everybody that John W. Welker and Henry C. Tiffany were two of such trustees. Frank C. Humphrey claimed to be the third trustee, and Andrew J. Lathrop also claimed to be the third trustee. Assuming that Frank C. Humphrey was the third trustee, it was impossible for him alone as sole plaintiff to bring an action for any purpose that would entitle him to the benefits of reimbursement for costs and expense as provided by those sections of the Education Law. By joining Trustee Welker as plaintiff, the trustees of the district did not bring the action. It was not an action by the trustees of the district. The proof is that Trustee Tiffany was not consulted as to the bringing of the action. The decision to bring the action was not made at any meeting of the trustees, or claimed trustees. The bringing of the action in the name of one claimed trustee and one actual trustee was not an official act of the trustees. The action of two trustees without knowledge of the third, no notice having been given him, is not an official act. It is an individual act of each of the two who do act (section 273, Education Law), and is void, not binding on the district. Beck v. Kerr, 75 App. Div. 173, 77 N. Y. Supp. 370. Trustee Tiffany is not a party to the action as it was originally brought, and up to the time he was brought in as a party there was no action begun or pending by "the trustees of any school district." Up to that time it was the individual action of claimants Humphrey and Welker. When Trustee Tiffany was brought in as a party plaintiff, the very first thing was a decision that claimant Humphrey was not a trustee, and that the complaint in his action should be dismissed.

The conclusion is reached that the claimants have not established that the trustees of the school district brought an action touching any district property or claim of the district, or involving its rights or interests, and that they have not established that their costs and expenses of their litigation, or any part thereof, ought justly to be charged upon the district.