In the Matter of the Application of THE BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Petitioner, for an Order against ERNEST E. COLE, as Commissioner of Education of the State of New York, and ISABEL M. S. WHITTIER, Respondents.

Supreme Court, Special Term, Albany County, April 28, 1941.

*William C. Chanler, Corporation Counsel* [*Nicholas Bucci* and *Arthur H. Kahn, Assistants Corporation Counsel*, of counsel], for the petitioner.

*Charles A. Brind, Jr.*, for the respondent Ernest E. Cole.

*William T. Harris*, for the respondent Isabel M. S. Whittier.

BERGAN, J. The respondent Isabel M. S. Whittier was an instructor in the department of history of Brooklyn College. The college is a part of the education system of the city of New York and is under the administrative jurisdiction of the board of higher education of the city of New York. On June 24, 1940, the board

of higher education dismissed the respondent Whittier from her position as instructor at Brooklyn College. It adopted the report and recommendations of a trial committee which had conducted a hearing. The grounds for the removal as found by the trial committee may be summarized by saying that the committee regarded the respondent Whittier's approach to history as static and mechanical and not calculated to integrate the individual background of the student fully with the historical studies pursued under her direction.

The respondent Whittier appealed from the determination to the State Commissioner of Education. The board of higher education, challenging the jurisdiction of the Commissioner to entertain the appeal, moved to dismiss it. The Commissioner denied the motion and in so doing determined that he had jurisdiction. This proceeding, in pursuance of article 78 of the Civil Practice Act, challenges the jurisdiction of the State Commissioner of Education to entertain the appeal. The petition seeks an order annulling his determination holding that he had jurisdiction and prohibiting him from taking any further proceedings in the appeal instituted by the respondent Whittier.

The power of the State Commissioner of Education in respect of the internal administration of the colleges of the city of New York under the board of higher education of that city and his appellate jurisdiction in respect of determinations made in the course of the administration of such colleges is thus squarely presented in this proceeding. The general frame of the appellate jurisdiction of the State Commissioner of Education is provided by section 890 of the Education Law. In so far as it applies to the subject-matter of this proceeding, the section authorizes the State Commissioner of Education to examine and decide an appeal or petition made to him by any person conceiving himself aggrieved by any official act or decision made under the Education Law. The language of the section enumerates specifically a number of subjects, but it is also broadly inclusive in scope beyond the subjects expressly denominated.

The colleges of the city of New York under the administration of the board of higher education are " part of the common school system." (Education Law, § 1143.) Specifically with relation to the city of New York it is provided by section 1142 that the board of higher education shall govern and administer " that part of the public school system within the city " which is of college grade. By the provisions of section 889-b (added by Laws of 1934, chap. 443) the Legislature reaffirmed " the principle that education is a State function " and provided that the board of higher education provide furloughs without pay for the administrative and teaching

staffs under its jurisdiction. By section 883, added in 1919 and amended from time to time, the Legislature provided for salaries of the teaching staff of city colleges in various classifications fixed by the Legislature ranging from elementary schools to colleges. It is, therefore, apparent from these successive enactments that the Legislature has regarded the public colleges of the city of New York under the jurisdiction of the board of higher education as part of the school system of the State and as a matter of State concern.

By section 1143-c (added by Laws of 1940, chap. 635) the Legislature provided for tenure for the members of the permanent instructional staffs under the jurisdiction of the board of higher education. Included was the position of instructor. (Subd. 1-c.) It is conceded that the respondent Whittier comes within the provisions for tenure within the statute of 1940. The statute states the causes for which persons having tenure under section 1143-c may be removed or suspended. It provides for a hearing before a committee of the board and an appeal to the board on the record and requires the concurrence of a majority of all the members of the board for removal. The action of the board of higher education in removing a teacher and instructor having tenure is a " matter " under the Education Law concerning which a person aggrieved has the right to appeal to the State Commissioner of Education under subdivision 7 of section 890 of the Education Law.

The petitioner, in denying the jurisdiction of the State Commissioner of Education to hear and determine the merits of the appeal, relies upon *People ex rel. Hyland* v. *Finegan* (227 N. Y. 219). There the power of the State Commissioner of Education was delimited by the Court of Appeals in respect of certain local controversies relating to the financing of the public school system. The controversy in that case was between the fiscal authorities of the city of New York and the superintendent of schools " of the school district of New York " over the manner of disposition of public moneys apportioned to the city of New York under the provisions of the Education Law. This controversy was said by the court to be essentially a legal controversy between officers in the school district over whom the Commissioner of Education had jurisdiction and public officers of the city over whom he had no jurisdiction.

In declining to sustain the power of the Commissioner to determine such a controversy it was said (p. 226): " If the proposition of the Commissioner of Education is correct then he would have a power to settle controversies between bodies within the Department of Education and third parties outside of its jurisdiction involving large property rights which, because of the finality of his decision,

would be more far reaching than that possessed by the Supreme Court of the State." There is nothing in this decision or in its construction of the jurisdiction of the Commissioner of Education which disaffirms his power of review and determination of controversies arising within the education system. The statute, the court said (p. 224), " gives the Commissioner power of deciding controversies arising from the action or failure of action of bodies or individuals generally or, for the time being, made agencies of the Education Department and which are subject to the undisputed authority of the Education Law," and the situation presented is not at all analogous to a controversy with parties functioning outside the education system of the State. Nor is there anything helpful to the petitioner in *Matter of Hirshfield* v. *Cook* (227 N. Y. 297), which upheld the power of the commissioner of accounts of the city to examine an auditor of the board of education under oath concerning the expenditures and financial needs of the board of education.

" It has been frequently held that there is conferred upon the executive head of the Education Department power to review on the petition of a person aggrieved any decision mentioned in the school or Education Law." (*Bullock* v. *Cooley*, 225 N. Y. 566, 577. See, also, *People ex rel. Board of Education* v. *Finley*, 211 id. 51, 57.) In *Barringer* v. *Powell* (230 N. Y. 37, 43) it was said: " Both the appellant and respondents were agents of the Education Department for the purpose of conducting the State's system of education under the provisions of the Education Law. It has frequently been held, under such circumstances, that the statute confers upon the Commissioner of Education power to review, on the petition of a person aggrieved, any decision mentioned in the Education Law." (See, also, *Welker* v. *Lathrop*, 210 N. Y. 434, and *People ex rel. Peixotto* v. *Board of Education of the City of New York*, 212 id. 463.)

Since the colleges within the jurisdiction of the petitioner are a part of the public school system of the State and since the removal of an instructor in that part of the education system of the State is regulated by the Education Law, the Commissioner of Education has jurisdiction to entertain and determine the appeal of a party aggrieved in the exercise of the power of removal by the board of higher education.

No triable issues of fact have been raised upon the question of the Commissioner's jurisdiction by the answers of the respondents and, since issues of law only are presented to the Special Term, a determination of the controversy may now be made upon the merits. The petition is dismissed, without costs. Submit final order.