STATE UNIVERSITY OF NEW YORK, Respondent, *v.* SYRACUSE UNIVERSITY, Appellant.

Third Department, December 2, 1954.

*John C. Crary, Jr.*, and *Ruth V. Iles* for respondent.

*William D. Johnson* for appellant.

BERGAN, J. P. In June, 1950, Syracuse University transferred its Medical College to the State University of New York. A written contract embodied the terms of the agreement between the two universities. We are concerned here with those provisions of the contract dealing with the Medical College endowment funds that had pre-existed the transfer.

In respect of one class of endowment funds set up for the Medical College, where application to the court in the nature of *cy pres* would be necessary to authorize the payment of the income to the State University, Syracuse University agreed to " make application to a court of competent jurisdiction " for an order directing the income " be expended  *  *  *  for  *  *  *  purposes of the Medical Center " to be maintained by the State University " which in the judgment of the court will most effectively accomplish the general purpose of the instrument creating " the fund. A similar provision was made as to the use of principal in another class of endowments.

Following the execution of the agreement of June, 1950, State University made " repeated demands " on Syracuse University to make the necessary applications to a court to authorize the payments contemplated by the contract, and on July 1, 1954, the complaint in this action was served on Syracuse University containing a cause of action seeking specific performance of the agreement.

Syracuse University on the same day, July 1, 1954, made application to the court in Onondaga County in respect of the

income of one of the funds. Its petition, among other things, alleges that there is " No legal relation " between the two universities in teaching or research or between the faculties or student bodies of the two universities. The petition states that Syracuse University is " therefore " unable to say to the court whether the transfer to State University of the income from the fund described in the petition will accomplish the purpose of the trust " unless the transfer is for a venture or project in medicine " in which " both institutions " have an interest and " share of control ". The petition asks that the court in the Onondaga proceeding grant " such relief in the premises as is appropriate ".

The vital point in issue between the two universities in this action is the tenor of the application to the court which Syracuse University is required by its contract to make in order to authorize the payment of income from the endowment funds to State University instead of Syracuse University.

There is no doubt that Syracuse University is required to seek in good faith a judicial authorization of such a transfer of payments. This it had agreed to do by every fair intendment of its contract transferring the Medical College. It could not, of course, by the contract with State University bind the donors of the funds or their executors; and it could certainly not bind the judicial discretion to be exercised on such an application. In its application to the court Syracuse University is bound to ask for relief in a form indicating that it wants to have the application granted; for this is what it agreed to do.

The obligations between the two universities in respect of this duty is the essential problem in the action before us; and we see no need for the presence of the donors or their representatives in this action involving, as it does, only the reciprocal undertaking of the two universities.

From this discussion the immediate problems before us readily fall into position. The order at Special Term restraining the prosecution of the *cy pres* proceeding by Syracuse University until the determination of the action should be affirmed; and the order granting a preference to the action on the Albany calendar should be affirmed.

The court also has dismissed on jurisdictional grounds a counterclaim by Syracuse University asserting a cause of action against State University for money due under the contract. The State University is an integral part of the government of the State and when it is sued the State is the real party. (Education Law, § 352 *et seq.*, L. 1948, ch. 695, as amd.; *Breen* v.

*Mortgage Comm.,* 285 N. Y. 425; *Hovey* v. *State of New York,* 261 App. Div. 759, affd. 287 N. Y. 663.)  The Supreme Court has not acquired jurisdiction of the counterclaim.

The orders should be affirmed, without costs.

COON, HALPERN and IMRIE, JJ., concur.

Orders affirmed, without costs.