Donald S. Taylor, J.
The petitioners were members of the faculty of the State University College on Long Island from 1957 to 1960. Their employment was terminated by the dean of the college at the conclusion of the terms provided by their teaching contracts. Conceiving themselves aggrieved by his action, they appealed to the respondent Commissioner of Education. He has refused to entertain jurisdiction on the ground that no appeal lies from the action of the State University including that of any of its component institutions of which the college here involved is one. In this article 78 (Civ. Prac. Act) proceeding petitioners seek an order directing him to examine and decide their appeals.
The State University of New York is a corporation created in the State Education Department within the higher education system of the State by chapter 695 of the Laws of 1948 and consists of the then existing colleges and institutions enumerated in the statute and such additional liberal arts, professional and graduate colleges and institutions as thereafter may be established. (Education Law, § 352.) It is governed by a Board of Trustees appointed by the Governor which acts under the general supervision and approval of the Board of Regents whose chief executive officer is the Commissioner of Education. *36 (Education Law, §§ 305, 306, 352, 353, 354, 355.) Its component institutions, operated on separate campuses, are administered by executive officers whose titles, and doubtless whose duties, parallel those of their counterparts in independent private colleges.
The general frame of the appellate jurisdiction of the Commissioner of Education is found in section 310 of the Education Law. It provides, in pertinent part, as follows: “Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same * * *. Such appeal or petition may be made in consequence of any action: * * ® 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools.”
In Barringer v. Powell (230 N. Y. 37, 43) it was said: “ Both the appellant and respondents were agents of the education department for the purpose of conducting the state’s system of education under the provisions of the Education Law. * * * It has frequently been held, under such circumstances, that the statute confers upon the commissioner of education power to review, on the petition of a person aggrieved, any decision mentioned in the Education Law.” (See, also, Bullock v. Cooley, 225 N. Y. 566.)
The statute reads that the respondent may hear and determine any appeal from any official act or decision of any officer, school authority or meeting concerning any matter under the Education Law or pertaining to the common schools. He has construed the subdivision to restrict his judicial power to the acts and decisions of school officers and authorities functioning within the system of the common schools of the State. The phrase “concerning any other matter under this chapter” provides an additional independent source of appellate jurisdiction beyond the subjects of action originating in the common school system. An intermural controversy between the members of the faculty and the executive officers of a college unit of the State system of education which operates with considerable autonomy under the practical supervision of the Commissioner of Education is one which the statute empowers him to review.
The respondent, in refusing to hear and determine the merits of petitioners’ appeals, cited Gordon v. Cornes (47 N. Y. 608, 616); Matter of Board of Higher Educ. v. Cole (176 Misc. 297, affd. 263 App. Div. 777, affd. 288 N. Y. 607) and for comparative purposes State Univ. of New York v. Syracuse Univ. (285 App. *37 Div. 59) as the bases for his conclusion that he lacked jurisdiction to entertain petitioners’ appeals. Gordon, decided in 1872, considered the constitutionality of a statute which directed the application of the income of a common school fund to the support of four State normal schools. It seems not to be pertinent to the question of the extent of the respondent’s present statutory appellate jurisdiction. In Matter of Board of Higher Educ. v. Cole which involved the discharge of a Brooklyn college instructor who had appealed to the Commissioner of Education, the board took the position that he was without jurisdiction to hear her appeal. The holding was that since the colleges of the City of New York under the administration of the Board of Higher Education were made part of the common school system by section 1143 of the Education Law, the Commissioner was not without power to entertain the appeal. If the case has any further significance, it tends to support the view that the Commissioner’s jurisdiction is not confined to educational controversies within the common school system. State University of New York essentially dealt with the question of the State University’s immunity from suit in the Supreme Court and not with any problem associated with an article 78 proceeding to review a determination by the Commissioner of Education.
It follows that the respondent has both the right and the duty to examine and decide the appeals of the petitioners and he is directed so to do.