Samuel H. Hofstadter, J.
In this proceeding brought under article 78 of the Civil Practice Act the petitioner challenges his removal from the position of president of the Long Island Cen *115 ter, a higher educational institution established and operated by the State University, and seeks his reinstatement to this position. The petitioner asserts that as an honorably discharged veteran he could not be removed without a hearing upon due notice upon stated charges. Admittedly no such hearing was accorded him. The respondents have cross-moved to dismiss the petition for legal insufficiency.
The petitioner was appointed president of State University— Long Island Center, effective January 1, 1961, at an annual salary of $20,000, plus a residence, by resolution of the Board of Trustees of State University of New York adopted on September 15, 1960. As president, the petitioner was the chief administrative officer of the college and the policies of the Board of Trustees formally and explicitly declare that such chief administrative officer shall serve at the pleasure of the Board of Trustees. Though the petition alleges that the petitioner was appointed pursuant to “ special contract ”, the terms of this contract are not stated nor is the allegation buttressed by proof of any kind; the allegation is, therefore, a naked assertion, a legal conclusion unsupported in fact. The court is necessarily constrained to disregard it.
The petitioner was removed by resolution of the Board of Trustees of the State University adopted on November 9, 1961, on which date his services were terminated. The reasons for this action of the Board of Trustees are not disclosed in the papers. It was stated on argument (and also in the petitioner’s brief) that before his removal the petitioner was given the opportunity to resign and that on his refusal to avail himself of this opportunity his removal from the presidency of the college followed. Disposition of the application hinges on the single question of law whether the petitioner was entitled to a hearing before he could be removed. Study of the applicable statutes persuades the court that this question must be answered in the negative.
The petitioner rests his claim of right to a hearing upon section 75 of the Civil Service Law and upon subdivisions 7 and 8 of section 226 of article 5 of the Education Law. In weighing his claim it must be remembered that ‘ ‘ The power to remove is inherent in the power to appoint, except as restricted by statute. ” (Sharkey v. Thurston, 268 N. Y. 123, 127.)
The general requirement of notice and hearing in subdivision 1 of section 75 of the Civil Service Law is limited to persons holding positions in £ £ the competitive class of the classified civil service ”. Paragraph (b) of this subdivision, which gives the protection to veterans invoked by the petitioner, is limited *116 in terms to positions in the classified service. Article III of the Civil Service Law deals Avith the division of the civil service into the classified and the unclassified service. The unclassified service is defined in section 35 and includes: “ (g) all persons employed in the public service as superintendents, principals, teachers, or by any title whatsoever, whose principal functions are teaching, or the supervision of teaching, in a public school, academy, or college, or in the state university.” The classified service is by section 40 declared to comprise all offices and positions not included in the unclassified service. Self-evidently the petitioner’s position is expressly included in the unclassified service. Nor does he claim that his position, as the chief administrative officer of a higher educational institution, has ever been put in the classified service. It follows that the restriction on the removal of veterans from the classified service does not apply to the petitioner’s position in the unclassified service. (See Matter of Byrnes v. Windels, 265 N. Y. 403, 405.)
The petitioner’s reliance on section 226 of the Education Law is misplaced. This section is part of article 5 of the Education Law covering private higher educational institutions incorporated by the State Regents, and in terms applies only to corporations created by the Regents. The State University is not such a private corporation but was created by the Legislature as a statutory corporation under article 8 of the Education Law. The State University, which operates the Long Island Center, is an integral part of the State government (State Univ. of New York v. Syracuse Univ., 285 App. Div. 59, 61) and employment by the State University is, therefore, public employment in the service of the State governed by law. The petitioner was appointed by the Board of Trustees of the State University in the exercise of their power * ‘ To appoint the head of each state-operated institution in the state university ”. (Eduaction Law, § 355, subd. 2, par. h.) He has shown no statutory or other provision granting his position tenure of office or placing any restriction on the power of the Board of Trustees, which appointed him, to remove him at their pleasure.
Even if section 226 of the Education Law applied to the petitioner’s position — we have already shoAvn that it does not touch the State University under which he served — it would not help him. For, subdivision 7 of this section provides that officers and employees hold office during the pleasure of the trustees of the corporations “ unless employed under special contract ”. While subdivision 8 requires written complaint and notice to remove one engaged under special contract, the peti *117 tioner has utterly failed to shoiv any special contract. It follows that the respondents were under no legal duty to give the petitioner notice or a hearing before removing him. The cross motion is granted; the petition is denied and the proceeding dismissed.