William J. Began, S.
Petitioners request a judicial construction of Article fifth of decedent’s last will and testament dated June 14, 1961, admitted to probate by this court on September 22, 1961.
Article fifth put the residue of the decedent’s estate in trust with the provision that the income was to be paid to the decedent’s wife for life and then distributed as follows: “I do further will and direct that the part or portion of my residuary estate herein in this Article Fifth of this My Last Will and Testament given, devised and bequeathed to the university of buffalo shall be held by it in perpetuity and shall be known and designated as the ‘ emanuel and bessie j. boasberg student loan fund ’ to be used only for the purpose of making loans to worthy students in attendance at the said university of buffalo^ to assist such students in meeting the costs of their education at said UNIVERSITY OF BUFFALO ”.
Decedent’s wife died on March 3, 1966. In September of 1962 the institution previously known and referred to in the will as the University of Buffalo merged with and became part of the State University of New York.
*685 Petitioners now ask this court to determine whether, as a result of this merger, the bequest in Article fifth should pass to (1) the State University of New York; (2) the University of Buffalo Foundation, Inc.; or (3) should pass to the distributees or residual legatees.
This general question was considered by this court in Matter of Dunbar (41 Misc 2d 1044) decided February 21, 1964, which held that all assets, including vested or future interests, were intended to pass to the State University of New York by both the contract upon which the merger was based and subdivision 2 of section 352 of the Education Law. This court recognizes that although the Dunbar case stands as a general proposition of law, there may be exceptions where the gift is so peculiarly worded as to make it impossible or impracticable for the State University of New York to administer the bequest.
In this proceeding the special guardian contends that the Dunbar case should not prevail because the decedent died before the merger agreement. In Dunbar the death occurred after the merger. It is contended that at the time of the decedent’s death in 1961 the now defunct University of Buffalo merely received a vested remainder subject to being divested and that the eventual merger of the institutions constituted a divestiture.
The attorney for the remaining members of the decedent’s family contends that the wording of Article fifth clearly indicates an intent that the University of Buffalo only should receive the gift and that, because it is no longer in existence, the gift should fail. He requests this court to conduct a hearing to determine what the intent of the testator was in making this gift in June of 1961.
Subdivision 2 of section 352 of the Education Law, under which the actual merger took place, reads as follows: “2. Whenever such corporation acquires, absorbs, merges or consolidates with or becomes the successor to any higher educational institution, all the right, title and interest in real property held by such predecessor institution shall vest in and be held and enjoyed by the people of the state of New York and state university of New York shall thereupon be deemed to be vested with and become the successor to all right, title and interest in any personal property, or any beneficial interest therein, or any other rights and powers possessed by such institution, whether derived by gift, grant, devise or bequest, in trust or otherwise. ’ ’
This court concludes that all interests, whether vested absolutely, conditionally, indefeasibly or in futuro, were covered by the merger agreement and actually passed with the other assets *686 to the State University of New York. It is clear that an actual merger was intended to take effect and for all intents and purposes this is exactly what happened. Instead of the trustees of the University of Buffalo deciding who will be the beneficiaries. of the loans and upon what terms, the trustees of the State University of New York will now be making a similar decision. There is no ambiguity contained in the four corners of the will that should be the subject of a judicial hearing. In 1961 the decedent could not have foreseen the possibility of the merger so no “ intention evidence ’ ’ could be relevant. The intention of the decedent will not be defeated or frustrated in any fashion by permitting the trustees of the State University to administer the bequest.
This court is particularly moved by the assurance of the State University of New York that the terms and conditions of the bequest set forth in Article fifth of the decedent’s last will and testament will be fulfilled, and this court now directs that payment of the bequest should be made to the State University of New York upon the express condition that the State University shall file with this court satisfactory evidence indicating that the gift will be accepted and administered upon the terms and conditions set forth in Article fifth of the decedent’s last will and testament.