Harold E. Koreman, J.
This controversy has been .submitted to the court by stipulation of the parties on agreed facts pursuant to CPLR 3222. Plaintiffs seek a judgment declaring that the State University of New York has the authority to convey certain oil and gas interests which were acquired by it upon the merger of the University of Buffalo with the State University.
The mineral, royalty and leasehold interests in oil and gas involved in the controversy were originally acquired by the University of Buffalo at the time it was a private institution of higher education, under the will of one Ralph Hochstetter, admitted to probate in Erie County on June 13, 1955. Under the *347 terms of that will the testator gave to the University of Buffalo certain oil and gas royalties of which he died possessed, and he expressly provided that this gift was to be used and administered by it as a fund in connection with certain medical research studies in the University’s Department of Medicine. The donor directed that the principal, as well as the income of such fund, was to be used only for such purpose or purposes above mentioned as are comprehended in the general objects authorized by the Charter of the University of Buffalo and that the principal of the fund could be used if the income, in the judgment and in the sole discretion of the Board of Trustees of the University, be insufficient. The will also provided that the fund was “ to be held and disposed of” by the University for purposes connected with the same medical research program. The University of Buffalo held the property and property interests acquired under the will and held and expended the income therefrom for the purposes specified by the donor, until its merger into the State University of New York. Since the merger on August 31, 1962, the State University of New York has held, managed and administered all of the endowment assets which were owned by the University of Buffalo prior to the merger, including the assets acquired under the donor’s will. In carrying out its duties in the management and use of the funds acquired by the State University of New York following the merger, its Board of Trustees offered the oil and gas interests so acquired for sale for the purpose of investing the proceeds in other types of income-producing securities. As a result of competitive bidding, the defendant submitted the highest bid for the purchase of those interests, which was accepted by the Board of Trustees of the State University of New York. Thereafter, and upon tender of a deed of conveyance of said oil and gas interests by the State University of New York, the defendant refused to accept the conveyance on the ground that title to such property interests was vested in the People of the State of New York and the State University was without authority to sell or convey.
The deed purports to convey all of the right, title and interest of the People of the State of New York acting by and through the State University of New York and of the right, title and interest of the State University of New York.
The State University of New York, created by an act of the Legislature (Education Law, § 352; L. 1948, ch. 695, as amd.), is a corporate agency created within the State’s Department of Education directly to carry out certain of its governmental functions in respect of higher education (State Univ. of N. Y. v. Syracuse Univ., 206 Misc. 1003, affd. 285 App. Div. 59). As such, *348 the State University is an integral part of the government of the State and when it is sued the State is the real party (285 App. Div. 59, 61). The People of the State of New York can act only through the State’s officers, agencies, and instrumentalities.
When the University of Buffalo was merged into it, the State University of New York became its legal successor and acquired its endowment assets subject to all the restrictions and limitations placed upon the use of the same by the original donor (Matter of Dunbar, 41 Misc 2d 1044; Matter of Boasberg, 51 Misc 2d 684; see, also, St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115).
The defendant’s contention that the State University is without authority to convey the property herein is based on his claim that it is real property under the law of the States in which it is located and, as such, became vested in the People of the State of New York upon the merger.
Section 355 (subd. 2, par. a) of the Education Law provides that the State University trustees are authorized and empowered, subject to the provisions of the plan or general revisions thereof proposed by them as approved by the regents, pursuant to section 237, “ To take, hold and administer on behalf of the state university or any institution therein, real and personal property or any interest therein and the income thereof either absolutely or in trust for any educational or other purpose within the jurisdiction and corporate purposes of the state university.” While paragraph e of subdivision 2 of the section provides that, upon merger, all right, title and interest in real property held by the predecessor institution shall vest in and be held and enjoyed by the people of the State of New York, it is my opinion that it was not the intention of the Legislature to interfere with the proper administration of endowment assets by the State University, regardless of their nature. The same paragraph e of subdivision 2 also provides that the property, etc., of the merged corporation are to be managed and controlled by the State University, but subject, however, to all liabilities and obligations of such merged corporation. Since the power to administer endowment assets is vested nowhere else, and the management thereof is made the responsibility of the trustees of the State University, it follows, as contended by the plaintiffs, that the trustees have the requisite authority to convey the property and property interests involved here, acting in their name as to personalty and as the authorized agent of the People as to realty. Absent such authority in the trustees, it would not be possible for them to properly discharge their obligation to observe the conditions and limitations imposed by the donor *349 (See 1951 Atty. Gen. 159; Matter of Dunbar, supra; Matter of Boasberg, 51 Misc 2d 684, supra).
Having reached this conclusion, it is unnecessary to consider the plaintiffs’ additional contention that the “ oil interests ”, as distinguished from the land itself, constitutes the greater part of the property involved and is personal property under section 39 of the General Construction Law of the State of New York and, therefore, vested in the State University. Nor is it necessary to pass upon whether the State University has the authority to convey real property acquired by the People of the State which is not endowment assets.
Accordingly, the judgment requested by the plaintiffs in this submitted controversy is, in all respects, granted.