**Ruby D. LACHICA, Plaintiff,**

v.

**Bernard M. JAFFE, Individually and in his official capacity as Chief of Surgery at Downstate Medical Center; Downstate Medical Center, Defendants.**

No. 83 CV 2764.

United States District Court,
E.D. New York.

Oct. 12, 1983.

Charles P. Kelly, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y., for defendants; Melvyn R. Leventhal, Stanley A. Camhi, Asst. Attys. Gen., of counsel.

## ORDER

McLAUGHLIN, District Judge.

By this motion, both defendants seek a dismissal of plaintiff's claim pursuant to Fed.R.Civ.P. 12(b)(6) or, alternatively, summary judgment under Rule 56. Relying solely upon the allegations of the complaint, I find that the complaint must be dismissed as to Downstate Medical Center ("Downstate") for failure to state a claim upon which relief may be granted.

■ Dismissal under Rule 12(b)(6) should be granted only in the clearest of cases. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 598 (1969). In the Second Circuit, a Rule 12(b)(6) motion will be granted only when it is clear from the complaint that the plaintiff will not be entitled to the relief sought under any view of the facts. *Lipsky v. Common-*

*wealth United Corp.,* 551 F.2d 887, 894–95 (2d Cir.1976); *Hoff v. Sprayregen,* 339 F.Supp. 369, 372 (S.D.N.Y.1971).

In her complaint, plaintiff alleges four claims: (1) a claim against both defendants for money damages, under the Fourteenth Amendment of the Constitution because of her dismissal from Downstate's post-graduate surgical residency program without a hearing or review; (2) a claim for money damages, solely against Downstate, as a result of Downstate's alleged reckless and negligent hiring of Dr. Jaffe as Chief of Surgery of Downstate Medical Center; (3) a claim against both defendants for money damages, pursuant to 42 U.S.C. § 1983, for civil rights violations arising out of her dismissal from the surgical residency program; and (4) a claim against both defendants for money damages, for breach of an alleged employment contract between plaintiff and Downstate (Complaint, Para. 9).

■ It is clear that with respect to defendant Downstate, plaintiff is not entitled to the monetary relief she seeks. In *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the Supreme Court held that a federal court is powerless to award money damages where the judgment will be paid from the state treasury. This prohibition applies as well in civil right suits instituted under 42 U.S.C. § 1983. In *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), the Supreme Court refused to conclude "that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of States." *Id.* at 341, 99 S.Ct. at 1145.

■ Even when, as here, the State is not named a party to the action, the Eleventh Amendment may still bar a damage action. *Edelman v. Jordan, supra* 415 U.S. at 663, 94 S.Ct. at 1355. Plaintiff admits in Paragraph 3 of her Complaint that Downstate is part of SUNY—the State University of New York. The State University of New York "is an integral part of the government of the State and when it is sued the State is the real party." *State University of New York v. Syracuse Uni-*

*versity,* 285 A.D. 59, 61, 135 N.Y.S.2d 539, 542 (3d Dep't 1954); Education L. § 352 *et seq.* (McKinney's 1969). As the Court held in *Ford Motor Co. v. Department of the Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945): "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." *Id.* at 464, 65 S.Ct. at 350.

New York State has waived its sovereign immunity to permit suits against it only in the New York State Court of Claims. Court of Claims Act § 8 (McKinney's 1963). Accordingly, so much of plaintiff's complaint as alleges claims for money damages against Downstate Medical Center is hereby dismissed, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

Defendants have moved in the alternative for summary judgment. That motion is denied, without prejudice to renewal, for failure to comply with Local Rule 9(g) of the Eastern District of New York.

SO ORDERED.