OPINION OF THE COURT
Bernard L. Reagan, J.
Glen W. Canfield, hereinafter referred to as the “decedent”, died intestate on December 18,1982, a resident of the County of Onondaga, State of New York.
On March 9,1984, Crandall Melvin, Jr., Public Administrator for the County of Onondaga, filed an informatory account of his proceedings in administering the deceased’s estate pursuant to SCPA 1213 (2) (d).
State University Hospital of Upstate Medical Center, a party interested as a creditor, objects to said account in that the claim of the Onondaga County Department of Social Services is preferred over that of the State University Hospital of Upstate Medical Center.
The issue presented is that of which claim has priority, State University Hospital of Upstate Medical Center, or Onondaga County Department of Social Services. The assets of the estate are such that both cannot be fully compensated.
*901 The NY Constitution, article I, § 14 gives the State common-law prerogative over rights of its subjects which entitles it to a priority in payment of debts owed (Matter of Warren, 53 NY2d 118).
The Surrogate, in determining what creditors are to be paid, must apply SCPA 1811 (2) (a) which states:
“Every fiduciary must proceed with diligence to pay the debts of the decedent according to the following order:
“(a) Debts entitled to a preference under the laws of the United States and the state of New York.”
Social Services Law § 104 gives all claims of the public welfare official preferred status.
The court must determine the status of the claimants seeking priority. The Court of Appeals in Matter of Warren (supra, p 122) found if the State was acting in its sovereign capacity in providing care, the preference given under Social Services Law § 104 (1) would not act to overcome the State’s common-law prerogative right as the priority claimant.
Put in its simplest form — is Upstate Medical Center and/or Onondaga County Department of Social Services State agencies operating in the State sovereign capacity?
The Laws of 1949 (ch 446) amended Education Law § 355 to provide that the State University Board of Trustees be responsible and establish two health and medical centers as part of the State University system, one of which must be located in the New York City area, and the other upstate.
The Laws of 1950 (ch 638) authorized the transfer of certain real property owned by Syracuse University to the people of the State of New York for the development of an upstate medical center by the State University of New York.
The State University of New York is a corporate agency created within the State’s Department of Education to directly carry out certain of its governmental functions in respect to higher education, and as such, the State University is an integral part of the government of the State, and when it acts the State is the real party (People v Branham, 53 Misc 2d 346; State Univ. v Syracuse Univ., 285 App Div 59 [1954]).
There is no express language in Social Services Law § 104 nor anything in its legislative history which indicates that the Legislature intended this statutory preference to be in derogation of the State’s common-law prerogative right. Thus, Social Services Law § 104, standing alone, does not provide the basis for placing the Onondaga County Department of Social Services *902 ahead, of the State in collection of moneys expended for public assistance (Matter of Warren, 53 NY2d 118, supra; Matter of Lambert, 87 AD2d 818).